**John H. SPANN et al., Appellants,**

v.

**The COMMISSIONERS OF the DIS-
TRICT OF COLUMBIA et al.**

**No. 23963.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 28, 1970.

Decided Nov. 17, 1970.

Mr. King David, Washington, D. C.,
for appellants.

Mr. Leo N. Gorman, Asst. Corporation
Counsel for the District of Columbia,
with whom Messrs. Hubert B. Pair, Act-
ing Corporation Counsel at the time the
brief was filed, and Richard W. Barton,
Asst. Corporation Counsel, were on the
brief, for appellees. Mr. Charles T.
Duncan, Corporation Counsel at the time
the record was filed, also entered an ap-
pearance for appellees.

Before BAZELON, Chief Judge, WIL-
BUR K. MILLER, Senior Circuit Judge,
and WILKEY, Circuit Judge.

PER CURIAM:

This case comes before us in a tangle
of procedural and substantive questions
left unanswered in the District Court
and not further illuminated on appeal.
Since no definitive disposition should be
made here, we find it necessary to re-
mand to the District Court for reconsid-
eration in accordance with the guide-
lines herein set forth.

Appellants brought this tort action
originally against "The Commissioners
of the District of Columbia," "The Pub-
lic Health Department of the District of
Columbia," and "Dr. Irwin Pese," in
reality Dr. Irwin H. Peiser, Jr., a
Health Department employee. The
amended complaint alleged that on 19
November 1965, while undergoing a test
for glaucoma at a mobile health unit op-
erated by the District of Columbia
Health Department, both corneas of ap-
pellant John H. Spann's eyes were
burned when a technician, under the su-
pervision of Dr. Peiser, placed a chemi-
cal substance in appellant's eyes. As a
consequence, the complaint continued,

appellant suffered "pain and blurred vision which required extensive hospital and medical treatment." In Count two of the complaint the co-appellant wife asserted a claim for loss of consortium resulting from the injury to her husband's eyes. In a conference in chambers with the trial judge on 22 October 1969, the day the case was set for trial, appellants' former counsel attempted to settle the alleged $35,000-plus lawsuit for $250. A praecipe of settlement and dismissal was drawn up, signed by both counsel, approved by the trial judge, the praecipe reciting "the above entitled case as settled and dismissed, with prejudice and without cost, *as to all parties, including the District of Columbia*, a corporation."

Eight days later the same attorney for appellants filed a "Motion to Set aside Dismissal as to Defendant Pese and for Leave to Withdraw as Counsel," which stated as grounds "That plaintiff is aggrieved and * * * challenges the right of counsel to dispose of the case as was entered. * * * That counsel's conduct and judgment have been challenged although she acted in good faith. * * * That counsel be allowed to withdraw, herein, so that plaintiff may obtain counsel in whom he has confidence." Two weeks later this motion was granted and appellants were given two weeks to obtain new counsel.

On 23 December 1969 appellants' new counsel filed a "Motion to Revive and Reinstate the Entire Cause of Action Herein," as against all three defendants, not just Dr. Peiser, to which motion was attached an affidavit of appellants (a document not brought up in the record before us) in which (according to appel-

lants' brief) they stated that their former counsel was not authorized to settle their claim. On 31 December 1969 the District Court denied this motion.

On 9 January 1970 the District Court dismissed appellants' cause of action against Dr. Peiser for want of prosecution, as appellants declined to go to trial against the remaining one of the original three defendants.

■ Appellants here are appealing the District Court's action of 31 December 1969 denying their Motion to Revive and Reinstate the Entire Cause of Action.[1]

The record here is devoid of any explanation as to the grounds on which the District Court acted. The appellants contend they should be in court with their original cause of action intact against the District of Columbia as well as Dr. Peiser. Indeed, although various defenses have been raised on behalf of the District of Columbia in its answer to the complaint, no *motion* to dismiss, for judgment on the pleadings, or for summary judgment has been made on behalf of any defendant. The only reason the appellants were out of court is because of the agreed dismissal pursuant to the abortive settlement effort of 22 October 1969.

The District Judge apparently considered that justice required him to reinstate appellants' case, because he did so on 14 November in response to the motion to reinstate as to Dr. Peiser *only*. That motion was made by appellants' original counsel, who in the same breath withdrew as counsel, and it does not appear why this motion to reinstate did not include the other defendants also.

---

1. The trial court may properly entertain such a motion pursuant to Rule 60(b), Fed.R.Civ.P. Freeman v. McCarthy, 153 F.2d 1001 (3rd Cir. 1946); Nelms v. Baltimore & Ohio R. R. Co., 11 F.R.D. 441 (N.D.Ohio 1951); McGinn v. United States, 2 F.R.D. 562 (D.Mass.1942). Although relief under Rule 60(b) is discretionary with the trial court, we think that the liberal spirit of the rule, together with the basic policy favoring resolution of liti-

gation on the merits requires us to review closely the exercise of that discretion in cases such as the instant one where denial of the motion has precluded consideration of the merits of the controversy. *See* Leong v. Railroad Transfer Service, Inc., 302 F.2d 555 (7th Cir. 1962); Erick Rios Bridoux v. Eastern Air Lines, 93 U.S. App.D.C. 369, 214 F.2d 207, cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

This omission of appellants' original counsel, if it was an omission, was cured by appellants' new counsel filing on 23 December a motion to revive and reinstate the entire cause of action against all three original defendants. Without explanation or differentiation from the reinstatement previously granted, the District Court denied this motion.

If the District Court felt it was proper to reinstate appellants' case as against Dr. Peiser because the abortive settlement should have been set aside, we do not understand why the District Court did not reinstate the case as against all three original defendants. If the settlement should have been set aside as to one, it should have been set aside as to all, if appellants asked for it, which they eventually did.

There is some indication the District Court was at this time adjudicating appellants' case on the merits. Appellees' "Counter-Statement of Questions Presented" in brief reads: "1. Was not the District Court *compelled* to dismiss appellants' complaint as against the Commissioners of the District of Columbia and the Public Health Department of the District of Columbia?" If on the second motion the District Court did not reinstate appellants' action against the two named defendants (really the District of Columbia), because the District Court was convinced of the validity of the defenses put forward by the District of Columbia, we think this action was premature. The substantive merit of the District of Columbia's defenses

against appellants could not be adjudicated yet, because until the motion to reinstate the action was granted, appellants were not in court again against the District of Columbia. And, as pointed out above, the defendant District of Columbia had never made any motion which would have served as a pretext for dismissal of the action as to it, or for entry of judgment in its favor. Of course, if the District Judge believed that the cause of action stated by appellants against the District of Columbia was entirely frivolous, he would have been justified in denying the motion to reinstate as to the District of Columbia. But there is nothing that appears in this record to indicate such, nor do the defenses raised by the District of Columbia seem to carry a guarantee of 100% impregnability.[2]

■ Counsel for the appellees, Assistant Corporation Counsel of the District of Columbia, devoted a substantial portion of the brief and argument on this appeal to the contention that the District of Columbia properly is not a party hereto. The praecipe of 22 October 1969 purported to settle and dismiss the case "as to all parties, including the District of Columbia, a corporation." Appellees' third defense was that of sovereign immunity, which could only be raised if the District of Columbia was indeed a defendant. Their fourth defense was that the action should fall under the Federal Employees' Compensation Act, which was only relevant if the District of Columbia were a defendant. Their

2. Indeed, only the defense of municipal immunity would have been appropriate for resolution via a motion to dismiss or for judgment on the pleadings under Rule 12, Fed.R.Civ.P. However, the opinions of this court in Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 337 F.2d 152 (1964), and Spencer v. General Hospital of District of Columbia, 138 U.S.App.D.C. 48, 425 F.2d 479 (1969), strongly indicate that the municipal immunity defense in this case could be challenged. Nevertheless, since the trial court has not explicitly passed on that question, we do not here purport to resolve it. We note, however, that *Spencer* was

decided November 10, 1969, after the instant suit had been dismissed pursuant to the settlement agreement, but before the trial court rendered its decision denying reinstatement.

The validity of the District of Columbia's other defenses (see text, *infra*) could only be determined upon submission, by way of affidavit or otherwise, of material extrinsic to the pleadings. As such, they may properly be grounds for a decision on the merits by way of summary judgment under Rule 56. But we do not think that, in the present context, they form sufficient basis for refusal to reinstate the action.

fifth defense alleged failure to comply with the mandatory notice provisions of Section 12–309 of the District of Columbia Code, which section states, "An action may not be maintained against the District of Columbia * * * unless . . . the claimant * * * has given notice in writing to the Board of Commissioners of the District of Columbia * * *." When the appellants named "The Commissioners of the District of Columbia" as one of the three parties defendant to the particular action brought here, the appellants were bringing an action against the District of Columbia. If there is any question about this, the District Court can permit appellants to amend their complaint to name the District of Columbia and drop the Commissioners and the Health Department.[3]

We therefore remand the cause to the District Court for reconsideration of appellants' Motion to Revive and Reinstate the Entire Cause of Action Herein of 23 December 1969, with the direction that the action taken by the District Court will be accompanied by an exposition of the reasons therefor.

So ordered.

---

3. Rule 15, Fed.R.Civ.P. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Williams v. United States, 405 F.2d 234 (5th Cir. 1968); Hirsch v. Bruchhausen, 284 F.2d 783 (2d Cir. 1960); Wentz v. Alberto Culver Co., 294 F.Supp. 1327 (D.Mont.1969); Marino v. Gotham Chalkboard Mfg. Corp., 259 F. Supp. 953 (S.D.N.Y.1966).