Sherman L. ROBERSON, Jr., Appellant,

v.

**DISTRICT OF COLUMBIA BOARD OF HIGHER EDUCATION et al.,**
Appellees.

**No. 9671.**

District of Columbia Court of Appeals.

Argued April 20, 1976.

Decided June 17, 1976.

John Waller, Washington, D. C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Washington, D. C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant Sherman Roberson was employed at Federal City College [FCC] from July 1970 to June 30, 1973. On June 9, 1972, appellant entered into a one-year employment contract with appellee Board of Higher Education signed by Dr. Harlan Randolph, then president of FCC, to serve as the assistant to the president for community affairs. The contract was to begin on July 1, 1972, and to terminate on June 30, 1973. On July 28, 1972, Dr. Randolph was relieved of his duties as president of FCC; Dr. Elgy Johnson was later named acting president.

The employment contract incorporated a memorandum of understanding which permitted the president of FCC to terminate or modify the contract for acts detrimental to FCC, but only "in accordance with established policies and procedures, of the Board of Higher Education." This phrase evidently referred to Board of Higher Education Resolution No. 70–1, which provides in part:

1. That at least 30 calendar days in advance of a proposed removal, demotion, reduction in rank or compensation, suspension without pay for more than 30 days, or furlough without pay, of any employee of the Board of Higher Education, the President of Federal City College . . . shall transmit to the employee . . . a letter containing:

a. A statement of the action proposed;

b. The reasons for the proposed action, stated specifically and in detail

. . . .

\* \* \* \* \* \*

5. That an appeal from the action of the President to the Board of Higher Education shall be taken by submitting to the Chairman of the Board, in writing, a statement of the basis for the appeal, and whether a hearing is desired.

Appellant agreed in the contract to "undertake and perform those duties assigned [to] him by" the president or the Board of Higher Education.

Appellant brought suit against appellees on November 8, 1972, seeking damages and equitable relief for alleged breach of his employment contract.[1] The complaint

---

1. The original complaint named as defendants the District of Columbia Board of Higher Education; its members, Frank D. Reeves, Roger W. Jones, the Honorable William B. Bryant, Flaxie Pinkett, the Reverend Philip R. Newell, Jr., Albert Carter, Peggy Cooper, and John A. Nevius; and its "agent," FCC's Acting President Dr. Elgy S. Johnson. Prior

was amended on February 12, 1975, and as amended it asserted that appellees, in violation of the contract, had (1) witheld four semi-monthly paychecks due appellant, two of which were later paid, (2) relieved appellant of his duties under the contract as assistant to the president and reassigned him to a "demeaning clerical position" as Acting Associate, Office of the Vice President for Planning and Development, (3) denied him a step increase in salary, and (4) failed to renew his employment contract; appellant further alleged that appellees had (5) willfully and maliciously denied him a step increase, and (6) willfully and maliciously failed to renew his contract, in violation of appellant's due process rights. As a result of these alleged violations, appellant requested $3,000 in actual damages, $45,000 in compensatory damages, $50,000 in punitive damages, and a court order directing appellees to reinstate appellant to the position of assistant to the president.

The case was tried on February 27, 1975, after which the court awarded appellant $655.65, the amount of one withheld paycheck,[2] but held that as to his five other allegations, appellant had failed to establish his entitlement to any damages.[3] In the alternative, the trial court noted that appellant had not exhausted his administrative remedies, that appellees' conduct did not give rise to the initiation of an adverse action procedure under Board of Higher Education Resolution No. 70–1, and that appellees' conduct under all the circumstances, except for withholding of the paycheck, was in accord with the contract.

■ We agree that appellant failed to prove a breach of his employment contract or any other ground for relief, and consequently that he is not entitled to any damages for the five claims before us on this appeal. Accordingly, we affirm.[4]

■ Appellant alleges that appellees breached his employment contract when they took certain "adverse actions" against him without having followed the procedures of Resolution No. 70–1. According to that resolution, however, adverse actions subject to these procedural requisites are actions such as "removal, demotion, re-

to trial several named individual defendants were substituted to reflect the current composition of the Board, and the current president of FCC was also substituted. The defendants at the time of trial were the Board of Higher Education, Flaxie Pinkett, Peggy Cooper, Dovey Roundtree, Richard Fox, Elias Blake, Eunice Newton, Steven Hess, and FCC's President Wendell Russell.

2. Although the complaint had requested recovery for two paychecks, the trial court awarded damages in the amount of only one. Neither appellant nor appellees appealed this portion of the order.

3. The court ruled that since appellant had failed to prove malice or willful misconduct, punitive damages were improper. In addition, the court decided that appellant's claims of damages flowing from his loss of employment due to the breach of contract were not the sort of claims for which compensatory damages were recoverable. Apparently the trial court did not rule on appellant's request for an order directing appellees to reinstate him to his job as assistant to the president. However, we note that specific performance usually will not be granted to

remedy a breach of an employment contract. *See* 11 S. Williston, *Contracts* § 1423 (3d ed. 1968).

4. Although we need not reach this issue, it is appropriate to note that the District of Columbia may be an indispensable party under Super.Ct.Civ.R. 19 to an action such as this. Appellant sued the Board of Higher Education and the individual Board members for money damages. The Board itself may not be a suable entity since no statute confers on it the status of a legal entity, *see Miller v. Spencer*, D.C.App., 330 A.2d 250, 251 n. 1 (1974), and the individual Board members are statutorily immune from liability for money damages under D.C.Code 1973, § 31–1602(c). Further, there can be no recovery against the District of Columbia if it is not named as a party. *See Farrell v. Ward*, D.C.Mun.App., 53 A.2d 46, 50 (1947). Thus, since the District of Columbia was not named as a defendant in this action, there appear to be no parties against whom appellant could have recovered money damages, even if he had been successful on the merits.

duction in rank or compensation, [or] suspension without pay . . . ." Appellant retained the same pay and grade level after his transfer; only his title and duties changed, and the trial court evidently concluded that the changes were not significant. Hence, appellant was not demoted or reduced in rank or compensation. Nor did the denial of a step increase or the failure to renew the contract constitute a removal, demotion, or reduction in rank or pay. Rather, these omissions maintained the status quo and did not adversely affect appellant. Having reviewed the record, we conclude that the trial court's findings that no adverse actions occurred and that no adverse action proceeding was necessary are supported by substantial evidence and are not clearly erroneous, and consequently we must accept these findings on appeal.[5] *See Stone Heating & Ventilating Co., Inc. v. Anacostia Leasing Corp.,* D.C.App., 256 A.2d 923, 924 (1969) ; *Freas v. Gitomer,* D.C.App., 256 A.2d 573, 574 (1969) ; D.C.Code 1973, § 17–305(a).

Furthermore, we note that each event appellant alleges to be an adverse action is authorized or allowed under the terms of the contract itself, either expressly or impliedly. For example, appellant agreed in the contract to perform all duties assigned to him by the president or the Board. Reassignment of appellant from his position as assistant to the president thus falls within appellees' discretion to assign duties to appellant. In addition, the contract did not provide for step increases or automatic renewal. Instead, appellees agreed to pay appellant a fixed salary for his one-year contract, which was done, and appellees agreed to give appellant 90 days' notice of nonrenewal of his contract, which also was done. Appellees' actions in these respects did not breach their contract with appellant, but rather were in accord with that contract.

Finally, we adopt the trial court's finding that the record is "totally barren of any evidence whatsoever of express or implied malice, [or] willfulness . . . ." Hence, appellant is not entitled to recover damages, punitive or compensatory, on the basis of an intentional tort. And we are not persuaded that appellees' denial to appellant of a step increase and their failure to renew the one-year employment contract violated appellant's due process or other constitutional rights under *Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Since appellant did not establish either a breach of his employment contract or an intentional tort or constitutional deprivation on the part of appellees, the trial court correctly ruled that appellant was not entitled to damages.

*Affirmed.*

---

5. Since no adverse action occurred, appellant was not required to exhaust administrative remedies providing for adverse action proceedings before bringing this action in Superior Court.