**Douglas KELLEY, Appellant,**

v.

**Virginia MORRIS et al., Appellees.**

**No. 12941.**

District of Columbia Court of Appeals.

Submitted Jan. 11, 1979.

Decided April 9, 1979.

John Milo Bryant, was on the briefs for appellant. Martin Fogel, Washington, D. C., also entered an appearance for appellant.

Louis P. Robbins, Acting Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellees.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge:

██ In this case the trial judge dismissed appellant Kelley's complaint, holding that D.C.Code 1973, § 31–104a[1] immunized the appellees, members of the Board of Education of the District of Columbia, against personal liability for their official actions. Appellant now contends that he was not seeking to hold the Board members personally liable and that the dismissal of his complaint was therefore error. Finding that the Board members are immunized against personal liability and that appellant has presented no other basis upon which his suit can be maintained, we affirm.[2]

This case began in 1972, when appellant complained to the District of Columbia Office of Human Rights that he had been denied appointment as a school principal because of his race and his religion. The Office of Human Rights investigated and then dismissed the complaint for lack of probable cause. Appellant's appeal to the Mayor's Office led to an order for a hearing but the Board of Education then successfully asserted jurisdiction over the complaint. After taking jurisdiction in January 1974, the Board held hearings in May, June and July of that year. It never announced a decision.

In November 1974, the United States District Court for the District of Columbia, pursuant to 42 U.S.C. § 2000e (Supp. III 1975), accepted jurisdiction of appellant's action in order to adjudicate the merits of the claim that was before the Board. The District Court trial of that complaint led to entry of a judgment for the defendant Board members on October 16, 1975.

Appellant next, in November of 1975, brought the present action in the Superior Court of the District of Columbia. He named each member of the Board of Education as a defendant and sought "damages for willful and negligent failure to grant administrative relief," asserting that "the members of the Board are jointly and severally liable to him for damages he may have sustained" through the Board's failure to decide his claim prior to the decision of the District Court.

The Board responded with a motion to dismiss the claim on grounds of common law immunity and res judicata. After a hearing in June 1976, this motion was denied in October 1976. The case was then

---

1. D.C.Code 1973, § 31–104a provides:

   The members of the Board of Education of the District of Columbia shall not be personally liable in damages for any official action of the said Board performed in good faith in which the said members participate, nor shall any member of said Board be liable for any costs that may be taxed against them or the Board on account of any such official action by them as members of the said Board; but such costs shall be charged to the District of Columbia and paid as other costs are paid in

suits brought against the municipality; nor shall the said Board or any of its members be required to give any supersedeas bond or security for costs or damages on any appeal whatever.

2. In light of our decision, we need not consider appellees' contention that the merits of this case have been rendered res judicata by the decision in *Kelly (sic) v. Morris*, C.A. 74–1738 (D.D.C. Oct. 16, 1975).

transferred to a second trial judge. The Board renewed, before him, its motion to dismiss or for summary judgment, this time relying upon the statutory immunity of D.C.Code 1978 Supp., § 31–104a. The second trial judge heard argument on that motion in October of 1977, and dismissed the complaint in November of that year.[3]

In asking this court to reinstate his suit, appellant now argues that while his complaint in the trial court may have been inartfully captioned, it should properly be read as naming the Board of Education and the District of Columbia as the true defendants.

We need not decide just how liberally appellant's complaint should be read for no reasonable construction of his pleadings will now sustain a claim. Neither the District of Columbia, nor the Board of Education, nor the individual members of the Board may now be made the subject of this suit.

■ If appellant did indeed intend to sue the Board members as individuals, then the trial judge was correct in his application of § 31–104a. The clear purpose of the statute is to allow citizens to serve as Board members without endangering their personal financial security.

■ Nor can the suit survive as one against the Board itself since the statutes creating the Board of Education did not make it a suable entity. *See Roberson v. District of Columbia Board of Higher Education,* D.C.App., 359 A.2d 28, 31 n.4 (1976); *Miller v. Spencer,* D.C.App., 330 A.2d 250, 251 n.1 (1974).[4] Appellant in fact appears to recognize this barrier and argues that he should be able to sue the Board *through* its members, implying that this legal fiction (similar to that derived from *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.

714 (1908)), is necessary to provide a remedy for those injured by the Board. We see no need to create such a fiction in this case for adequate relief was available to the appellant. He could have sought a writ of mandamus against the Board members from a federal or local court.[5] He could have, and in fact did, pursue the alternative legal remedy of suit in the District Court under 42 U.S.C. § 2000e. And, finally, he could have sought relief through a Superior Court suit naming the District of Columbia as defendant. That, in fact, is how appellant did caption his complaint in the District Court. This case indicates none of the features of governmental unaccountability or of denial of access to a courtroom that might justify the legal fiction appellant now seeks.

■ Finally, we turn to appellant's alternative contention that his complaint should be treated as one naming the District of Columbia as defendant. In this context appellant relies on *Spann v. Commissioners of the District of Columbia,* 143 U.S.App. D.C. 300, 443 F.2d 715 (1970), which held that naming the "Commissioners of the District of Columbia" was sufficient to bring an action against the District of Columbia. *Spann* is clearly distinguishable from this case, for the Commissioners were at that time the chief executive and representatives of the District and were named as such. Here the appellees are merely members of a subsidiary and unsuable element of the District's government and it is not even clear that they were named in their official capacities. This complaint clearly fails to meet the strict standards for notice to the District set out in D.C.Code 1973, § 12–309.

■ Appellant's final contention is that Super.Ct.Civ.R. 15(c) imposed on the appel-

---

**3.** Appellant's contention that the second trial judge could not consider this new motion to dismiss is meritless. Super.Ct.Civ.R. 56.

**4.** *Compare* D.C.Code 1978 Supp., § 31–101(a), which vests control of the District's public schools in the Board, but does not provide that the Board is a body corporate having the capacity to sue and be sued, *with* D.C.Code 1978 Supp., § 31–1711(a), which establishes the

Board of Trustees of the University of the District of Columbia as a "body corporate," having, *inter alia,* "the power . . . to sue and be sued. . . ."

**5.** It appears from the record that such a request may actually have been considered in the District Court.

lees a duty to notify appellant of his error in captioning his complaint. A close reading of this rule reveals no such affirmative duty.[6] Appellant's failure to give proper notice to the District of Columbia within the time limits of § 12–309 now bars his suit and makes it unnecessary to consider whether he should be given leave to amend the pleadings on his own initiative.

*Affirmed.*

---

**6.** Super.Ct.Civ.R. 15(c) provides:

RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant; and the delivery or mailing of process to the Corporation Counsel of the District of Columbia, or an agency or officer who would have been a proper defendant if named, similarly suffices with respect to the District of Columbia or an agency or officer thereof to be brought into the action as a defendant.