Samuel KEITH, Appellant,

v.

Walter WASHINGTON et al., Appellees.

No. 13017.

District of Columbia Court of Appeals.

Submitted Aug. 1, 1978.

Decided April 11, 1979.

Lawrence S. Lapidus, Washington, D.C., was on the brief for appellant.

John R. Risher, Jr., Corp. Counsel, Washington, D.C., at the time the case was briefed, Richard W. Barton, Deputy Corp. Counsel, and David P. Sutton, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellees.

Before YEAGLEY, HARRIS and FERREN, Associate Judges.

FERREN, Associate Judge:

Samuel Keith appeals the motions judge's dismissal of his complaint against the Mayor and several Department of Corrections officials for false imprisonment and battery. Having served a brief sentence for "failure to appear," D.C. Code 1973, § 23–1327(a), Keith alleges that he should have been released from jail on November 26, not December 2, 1975, and that while he was incarcerated a corrections officer pushed and injured him. The judge granted defendants' motion for judgment on the pleadings on two grounds: (1) the named defendants could not be held liable for the alleged wrongs, and, in any event, (2) the false imprisonment claim on the merits, was "legally untenable." Because the motions judge, in focusing on the individual defendants, did not come to grips with Keith's claim that he actually was suing the District of Columbia, and because the order sentencing Keith was ambiguous, requiring clarification as to whether the District had authority to hold him after November 26,

1975, we must reverse and remand for further proceedings.

I.

On July 14, 1975, appellant Keith received a 180-day sentence for petit larceny; its execution was suspended in favor of probation. After Keith failed to report to court during the course of that criminal proceeding, however, the government charged him on August 12, 1975, with "failure to appear." D.C. Code 1973, § 23–1327(a). Keith then compounded his troubles by twice failing to appear in connection with that charge. On October 24, 1975, after Keith pleaded guilty to the August 12 charge, Judge Atkinson imposed the following sentence:

> Ninety (90) days. Execution of Sentence Suspended as to sixty (60) days. Deft. to serve one (1) month or (30) days and then placed on work release.

On November 3, 1975, the government dropped one of the two remaining failure-to-appear charges. On November 26, 1975, Keith was sentenced to 30 days on the other charge; its execution was suspended once again, however, in favor of 90 days' probation. Five or six days later on December 1 or 2, 1975, Keith was released from jail.[1]

In September 1976, Keith filed a $100,000 civil damage action against the Mayor, the Director of the Department of Corrections, the Superintendent of the District's detention facility, and "several unnamed correction officials." He charged them with maliciously and willfully detaining and imprisoning him without legal authority after his November 26 court appearance. He also charged that "a Correction Officer willfully, forcibly, maliciously, without legal authority, and without consent pushed plaintiff, causing him physical injuries."

The three named defendants filed a motion for judgment on the pleadings. They stressed that there was no allegation that they personally had been involved in the

1. In letters of January 16 and 29, 1976, to Mayor Washington, Keith's counsel indicated a release date of December 2. In answer to interrogatories, the Chief Investigator of the Office of Corporation Counsel stated that Keith was released on December 1.

incidents, or that they had negligently hired, trained, or supervised subordinates who were involved. They further argued that, as supervisory officials, they could not be held liable under the *respondeat superior* principle.

Keith did not contest the merits of this challenge; he asserted, rather, that his complaint was implicitly against the District of Columbia. He accordingly suggested in his opposition (but not by separate motion) that if the court did not agree with this interpretation of the complaint, the court should permit him to amend it to name the District explicitly.

After a pretrial conference the judge granted defendants' motion, apparently holding that Keith had not sued the District and rejecting the suggestion of an amendment to implement Keith's asserted intention. The judge, however, did not directly deal with these issues, for he merely stated that "the motion is granted because a personal judgment cannot be upheld against the individual defendants." The court held, additionally, that the false imprisonment count is "legally untenable" because "the judgment of Judge Atkinson constitutes a sentence to 90 days incarceration with a recommendation for work release after 30 days have expired."

Keith has appealed, contesting both reasons advanced by the motions judge.

## II.

Keith maintains that he intended all along to sue the District of Columbia, that the named defendants and the Corporation Counsel, as representatives of the District, were well aware of this, and that his pleadings, accordingly, were sufficient to do so. *See Spann v. Commissioners of District of Columbia*, 143 U.S.App.D.C. 300, 443 F.2d 715 (1970) (per curiam). If amendment to reflect this reality were technically necessary, he argues, the motions judge should have permitted it. *See Spann, supra* at 303, 443 F.2d at 718.

The record shows that in January 1976, Keith sent the Mayor a written notice of his tort claims against the District sufficient to comply with the requirements of D.C. Code 1973, § 12–309. He then made clear in the complaint that his claims were directed against the defendants in their official capacities. Finally, in the defendants' pretrial statement the Corporation Counsel stated: "If this case is not disposed of by motion at pretrial, *counsel for the District of Columbia* will request continuance of the trial date" (emphasis added). These actions support Keith's argument that from the beginning he intended to sue the District government for the allegedly wrongful conduct, and, more importantly, that the District has been on notice—and was actually aware—of this intent.

In *Spann, supra*, the United States Court of Appeals for the District of Columbia Circuit concluded that "[w]hen the appellants named 'The Commissioners of the District of Columbia' as one of the three parties defendant to the particular [tort] action brought here, the appellants were bringing an action against the District of Columbia." *Id.* at 303, 443 F.2d at 718. The court then added: "If there is any question about this, the District Court can permit appellants to amend their complaint to name the District of Columbia and drop the Commissioners and the Health Department." *Id.* (citing Fed.R.Civ.P. 15; case citations omitted).

The Superior Court Rules of Civil Procedure manifest a preference for resolution of disputes on the merits, not on technicalities of pleading. *See Dormu v. Gill*, D.C.App., 277 A.2d 104 (1971); Super.Ct.Civ.R. 8(f) ("All pleadings shall be so construed as to do substantial justice.") *See also Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Super.Ct.Civ.R. 15(a), identical in relevant part to the federal rule, provides that "leave [to amend pleadings] shall be freely given when justice so requires." Rule 15(c), dealing with "relation back of amendments," suggests criteria bearing on the fairness of adding a defendant; *i. e.*, whether

the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be

prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

These Rule 15(c) criteria appear all the more relevant when a plaintiff argues that the amendment is to clarify the identity of an existing party, not to add a new one.

■ It is true that Keith did not file a motion for leave to amend; he merely suggested amendment, if needed, in his written opposition. Furthermore, there is a problem with Keith's argument that suit for damages against District officials is legally sufficient to sustain a damage action against the District. He appears to confuse claims for injunctive relief properly directed at public officials with claims for damages, which must name the District as a party if District funds are to be reached, *Roberson v. District of Columbia Board of Higher Education*, D.C.App., 359 A.2d 28, 31 n. 4 (1976); *Farrell v. Ward*, D.C.Mun.App., 53 A.2d 46, 50 (1947); see D.C. Code 1973, § 1–102.

■ On the other hand, *Spann, supra*, is authority for the proposition that when one has sued the Commissioners of the District of Columbia (and now the Mayor), this can be construed as a suit against the District when the Mayor has timely notice of the suit and the circumstances manifest an intention to sue the District. In such a case, the court should permit amendment of the pleadings to make that reality clear. *See Spann, supra; cf.* Super.Ct.Civ.R. 15(a) and (c).[2]

The motions judge did not expressly deal with the two central questions: (1) wheth-

er, on the facts here, Keith has—or has not—sued the District, and (2) even if he has not, whether the court should—or should not—grant Keith leave to amend.

Implicitly, it appears the judge concluded that Keith had not sued the District, for although judgment was granted only in favor of the three named defendants who filed the motion, the judge—and the parties—treated the case as though it had terminated in the trial court. Given the evidence of record, however and the teaching of *Spann, supra*, the judge's apparent conclusion is not self-evident.

■ If the only evidence on the question is comprised of Keith's notice to the District of an intention to sue, his complaint against District officials limited to their official capacities, and the Corporation Counsel's pretrial statement (quoted above), we would hold that the judge was incorrect. Given the fact, however, that the motions judge did not expressly rule on the question, as well as the possibility that there may be other relevant evidence not presented to this court, we believe that the more appropriate procedure would be to remand for a trial court ruling on whether Keith has—or has not—sued the District.

■■ This approach is especially appropriate for another reason: even if Keith, on the facts to date, cannot be said to have sued the District, there is the second question, *i. e.*, whether the judge should have granted Keith leave to amend his complaint. This latter question is a matter of trial court discretion, Super.Ct.Civ.R. 15, to be exercised consistent with our guidelines in *Johnson v. United States*, D.C.App., 398 A.2d 354 (1979). Although Keith did not formally move to amend, he did cite *Spann*,

---

2. *Roberson v. District of Columbia Bd. of Higher Educ., supra*, and *Farrell v. Ward, supra*, are not to the contrary. Although both opinions concluded that when the District is not named as a party, a plaintiff cannot recover damages against it, neither went so far as to say that even when the realities demonstrate that the District is an intended defendant, its omission as a formal matter is fatal to a plaintiff's suit. In short, these cases did not deal with the situation raised in *Spann* —and here.

Nor did our recent decision in *Kelley v. Morris*, D.C.App., 400 A.2d 1045 (No. 12941, April 9, 1979), which was a suit against members of the Board of Education. We noted that there was no intention from the outset to sue the District, it was not clear that defendants were named in their official capacities, and there was no request to amend the complaint.

*supra,* to the trial court and suggested amendment in the event that the court were to question whether he had sufficiently named the District. Given Keith's argument that he had effectively sued the District and should be entitled to make that clearer, through amendment if necessary, we believe it was an abuse of discretion for the motions judge to rule against him without expressly considering whether, under the circumstances, he should be permitted to cure the defect. A distinction here between amendment of right to clarify what the pleadings are perceived, in reality, to say, *see Spann, supra,* and amendment in the court's discretion to add a party out of fairness, is too thin to warrant the court's denial of amendment on the first theory without considering the second.

From the motions judge's ruling it is not clear whether he recognized that he had the discretion, if not the duty, to consider the appropriateness of amendment and then purported to exercise it. *See Johnson, supra,* 363. If he did, it is not clear what record facts and legal reasoning served as the basis for his implicit denial of leave to amend. *See id.* 364. Accordingly, we must remand the case for explicit consideration of whether Keith, in these pleadings and circumstances, sued the District and, even if not, whether amendment to that end should be allowed.

## III.

■ Keith also questions the motions judge's alternative basis for dismissing his false imprisonment claim.[3] The judge held that Keith did not state a claim because, as he read it, the criminal sentence of October 24, 1975, "constitute[d] a sentence to 90 days incarceration with a recommendation for work release after 30 days have expired."

Keith was sentenced to "Ninety (90) days. Execution of Sentence Suspended as to six-

ty (60) days. Deft. to serve one (1) month or (30) days and then placed on work release." This sentence is ambiguous. It is not clear from the words themselves whether, at the end of 30 days, Keith was entitled to outright release ("Execution of Sentence Suspended") or to continuing custody subject to work release ("Deft. to serve . . then placed on work release").[4] Under the circumstances of Keith's suit for damages, clarification by the sentencing judge and possibly other evidence will be required to resolve the ambiguity. *Cf. Downey v. United States,* 67 App.D.C. 192, 199–203, 91 F.2d 223, 230–34 (1937) (in determining whether sentences were concurrent or consecutive, a judge other than the sentencing judge should take evidence, including testimony of the sentencing judge). In reviewing the matter on remand, the court must be guided by the rule that "[s]erious uncertainty in criminal sentences must be resolved in favor of liberty." *Aderhold v. McCarthy,* 65 F.2d 452, 453 (5th Cir. 1933).

We therefore must reverse and remand the case, for if the trial court concludes that the District of Columbia should be made a defendant, that court must then further consider what Keith's sentencing order meant and its impact on his false imprisonment claim.

## IV.

Because neither ground relied on by the motions judge was a proper basis for dismissal of the entire case, we reverse and remand for further proceedings as to whether the District of Columbia is or shall be made a party defendant and, if so, whether the sentencing order of October 24, 1975, to be clarified on remand, gives rise to a false imprisonment claim. Because appellant does not challenge the judgment for the three named defendants, we do not disturb that ruling.

*So Ordered.*

---

3. The dismissal of the battery claim, unlike the false imprisonment claim, did not rest on an alternative, substantive ground. Our conclusion in Part II, therefore, is sufficient for a remand of the battery claim.

4. It is interesting to note that the District gave Keith his outright release on December 1 or 2, 1975, *see* note 1, *supra,* after 38 or 39 days of detention, casting doubt on the motions judge's interpretation.