422 A.2d 966 (1980)
In the Matter of Martin FOGEL, a Member of the Bar of the District of Columbia Court of Appeals.
No. M-35-80.
District of Columbia Court of Appeals.
August 1, 1980.[*]
No appearance was entered on behalf of respondent Martin Fogel.
Fred Grabowsky, Bar Counsel, Washington, D. C., filed the Findings and Recommendations of [the] Board on Professional Responsibility.
Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.
PER CURIAM:
This matter is before the Court for our consideration of the "Findings and Recommendations of [the] Board on Professional Responsibility." Essentially, the Board adopted the findings of its Hearing Committee, but, as explained below, it recommends a more stringent sanction than did the Committee. We accept the findings of fact as being supported by substantial evidence of record, and adopt the Board's recommended suspension of the respondent attorney for a year and a day.
The Hearing Committee's findings of fact, which were accepted and repeated virtually verbatim by the Board, were carefully detailed. While we do not make a thorough statement of the facts, an abbreviated summary thereof is deemed appropriate. (That summary is supplemented by certain quoted material which follows.)
Douglas Kelley was discharged from his employment by the District of Columbia school system in January 1974. He asked the American Civil Liberties Union to assist him in an action against the School Board; the ACLU in turn asked respondent Fogel to interview Kelley. Respondent then undertook the representation of Kelley, and did so at all times thereafter without fee.
Successive legal steps were taken on Kelley's behalf by respondent. An equal employment opportunity argument was asserted in a hearing before the School Board. When the School Board did not render a decision, a comparable action was brought unsuccessfully in the United States District Court for the District of Columbia. Thereafter, *967 respondent and Kelley decided to bring an action in the Superior Court of the District of Columbia against the individual members of the School Board. It was during that proceeding that Kelley's difficulties with his attorney began to become significant. Respondent failed to make certain filings and failed to appear for certain court dates; he later admitted that his excuses for nonattendance were fictional.
The Superior Court proceeding ended in a dismissal of the complaint. An appeal was taken to this court. A series of transgressions were committed by respondent while the appeal was pending, including failures to file pleadings and affirmative misrepresentations to court personnel.[1] In recommending to the Hearing Committee what he considered to be the appropriate discipline, Assistant Bar Counsel stated in part:
Respondent's conduct involves calculated falsehoods, before the Court, the Committee and his client. His demonstrated ethical insensitivity makes him too great a risk to be entrusted with the affairs of trusting clients. Respondent's violations of DR's 6-101(A)(2) and (3) and DR's 7-101(A)(1),(2) and (3), alone, would result in significant discipline. Respondent's false statement to the Court, in violation of DR 1-102(A)(4) along with the falsehoods stated by him should justify the ultimate sanction. Joined together, these cavalier actions toward client and court persuasively indicate that the public, the courts, and the profession need the most stringent protection from further likely transgressions.
In addition to the instant misconduct, the respondent has had significant disciplinary sanctions imposed against him on prior occasions. Disbarment is the only proper remedy for an attorney who does not tell the truth, does not do the work he promises, and is deceitful in covering up his shortcomings.
The petition which had initiated the disciplinary proceeding charged five violations of the Code of Professional Responsibility. The Hearing Committee concluded that three of those charges were substantiated. It determined that respondent Fogel had violated DR 6-101(A)(3) in neglecting the appeal; that he had also violated DR 7-101(A)(1), (2), and (3) "in that [as charged] he intentionally failed to carry out his contract of employment and seek the objectives of his client, to the prejudice of his client in that he did not pursue the appeal"; and that he had violated DR 1-102(A)(4) "in that [as charged] his excuse for not filing his brief was false and thus constituted conduct involving dishonesty, fraud and deceit."
In making its "Recommendation for Disciplinary Action," the Hearing Committee stated in part:
Additionally, the Committee believes Mr. Fogel has been untruthful to his client, to the Court, and to the Committee. Indeed, Mr. Fogel admitted lying to the court . . . .
The Committee also noted that respondent Fogel recently had been disciplined in both the District of Columbia (by a letter of reprimand for neglecting a legal matter entrusted to him) and in Virginia (for reasons not contained in the record before us). It recommended that respondent be suspended "for six months, and thereafter until" four prescribed conditions were satisfied. The last of those recommended conditions was as follows:
Fourth, that Mr. Fogel provides a statement from a practicing psychiatrist in the District of Columbia that he has examined respondent with particular regard to the behavior reflected in this case and in the other disciplinary cases and that as a result of treatment or otherwise, it is his opinion that respondent is capable of conducting a law practice without the recurrence of such problems.
The Board had no disagreement with the Hearing Committee as to its findings or conclusions. It differed only on its *968 recommended discipline. The Board concluded its Findings and Recommendations as follows:
The Board agrees [with the Hearing Committee] both on the need for suspension of the Respondent and on the need for some proof of his rehabilitation before he is readmitted to practice. But under [D.C.App.] Rule XI, Sec. 3(2), proof of such rehabilitation cannot be required if the suspension is for one year or less, and the Board is of the opinion that the facts disclosed in this case mandate suspension for not less than one year and a day in any event. With such suspension Respondent will be required to make an adequate showing of rehabilitation before he can be readmitted to practice, pursuant to Rule XI, Sec. 21.
Accordingly, the Board recommends that Respondent be suspended from the practice of law for a year and a day.
The record in this case as filed with the court by Bar Counsel reflects service of the Findings and Recommendations of the Board upon respondent Fogel. Under § 7 of Rule XI, respondent had 20 days within which to file exceptions thereto (or to request an additional 20 days within which to file exceptions). Respondent has made no submission to the court.
Our standard of review as set forth in § 7 of Rule XI is as follows:
In considering the appropriate [disciplinary] order, the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted.
In its Findings and Recommendations, the Board did not undertake to present a review of prior dispositions for comparable conduct.[2] In the absence of any exceptions by respondent, no briefs were submitted on either side and no oral argument was conducted. We, of course, feel a keen obligation to members of the bar who have been charged with misconduct as well as to the members of the public whose interests we are obliged to protect. The status of the case necessitated our independent study of prior disciplinary actions as well as of the record. Based thereon, we are satisfied that the review standards of our rule have been met. Accordingly, the findings of fact are accepted as supported by substantial evidence of record, and the disposition recommended by the Board is adopted. Consistent therewith, it is this 1st day of August, 1980,
ORDERED that the respondent, Martin Fogel, be, and he hereby is, suspended for a year and a day from the practice of law in the District of Columbia effective 30 days from this date (i. e., August 31, 1980), and is prohibited from holding himself out to be an attorney at law licensed to practice in this jurisdiction effective as of that date.
So Ordered.
Supplemental statement by HARRIS, Associate Judge, with whom NEBEKER, Associate Judge, concurs:
Our analysis of this case has reinforced the relevant portion of the views I expressed in by dissenting opinion in the en banc case of In re Colson, D.C.App., 412 A.2d 1160, 1169 at 1175 (1979). That is, the limited standard of review of recommendations of the Board which we adopted in 1978 (over Judge Nebeker's and my objection) is unwise and counterproductive in a number of ways, including the delay which it may engender by precluding us from simply deciding ourselves upon the discipline which we feel should be imposed (with the guidance, of course, of findings and a recommendation from the Board).
As noted in our per curiam opinion, § 7(3) of our Rule XI now obliges us to "adopt the recommended disposition of the Board unless *969 to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." Initially, the elusiveness of that standard is apparent. It is true in criminal sentencing that no two combinations of offenders and offenses are wholly alike; hence the oft-stated goal of uniformity in sentencing is considerably more illusory than realistic. While punishment is not the purpose of a disciplinary proceeding, see, e. g., District of Columbia Bar v. Kleindienst, D.C.App., 345 A.2d 146, 147 (1975) (en banc), the same circumstance exists to a significant degree in such cases. Unquestionably consistency and fairness are vital objectives in the disciplinary process. However, in my view, we have been imprudent in obliging ourselves to engage in an elusive analysis of what prior "dispositions for comparable conduct" might have been.[1]
Secondly, on what basis are we to say that a recommendation of the Board with which we might legitimately disagree is, in the words of our rule, "otherwise . . . unwarranted"? Cf. In re Smith, D.C.App., 403 A.2d 296, 303 (1979). Considering this case in its totality a broad range of recommended sanctions-including disbarment-might well have been "warranted"and, indeed, three significantly different sanctions were recommended (by Assistant Bar Counsel, the Hearing Committee, and the Board) as the case progressed to this court. However, as is naggingly true in this one narrow area of our functioning, we remain not free to exercise our best independent judgments as to what discipline would be most appropriate.
Putting aside the fact (confirmed by my research in this case) that "inconsistent dispositions for comparable conduct" are virtually inevitable (with certain rather clearcut exceptions), once again-as was true in the Colson case, supra, see 412 F.2d at 1178I am led to the conclusion that the disposition recommended by the Board is not "otherwise . . . unwarranted." Hence, our determination to adopt it is unanimous.[2]
NOTES
[*] This matter originally was disposed of by an unpublished Memorandum Opinion and Order on August 1, 1980. Thereafter the court determined that publication thereof (with minor editorial modifications) was desirable.
[1] Ultimately respondent was removed as counsel for Kelley on appeal and new counsel entered the case. The appeal was decided adversely to Kelley. Kelley v. Morris, D.C.App., 400 A.2d 1045 (1979).
[2] The Hearing Committee, looking for guidance, had asked Assistant Bar Counsel to provide it with a summary of relevant prior disciplinary actions. The response to that request is part of the record before us.
[1] The difficulty of such a task is enhanced when, as is true in this case, the respondent attorney presents no argument on his side of the case.
[2] My views on this subject stem simply from my conviction that we have delegated too much authority to our Board, and should not be interpreted as being in any way in derogation of the dedicated and able efforts of both the Hearing Committee and the Board in this case.