Gautama TSCHANNERAL, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA BOARD OF EDUCATION, et al., Defendants.

No. 83–2863.

United States District Court, District of Columbia.

Sept. 13, 1984.

Michael Eig, Chevy Chase, Md., for plaintiffs.

Diana M. Savit, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiffs, a 14 year old child, and his mother who brings the action as the child's next friend and in her own right, filed this action pursuant to the Education of the Handicapped Act (EHA), as amended, 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fifth Amendment to the Constitution of the United States, and the decision in *Mills v. District of Columbia Board of Education,* 348 F.Supp. 866 (D.D.C.1972).

### I

The plaintiffs allege that the minor plaintiff, Gautama Tschanneral, is a severely learning disabled child who requires special education. He was enrolled in the District of Columbia Public Schools (DCPS) in September 1982 and recommended by DCPS for special education. DCPS completed an Individualized Educational Program (IEP) for Gautama in October 1982 and proposed to place him in the Deal Learning Center. He attended that school from October 1982 until January 1983 but performed poorly. In January 1983, the parents withdrew him from Deal, and placed him in a fulltime private school for learning disabled students, and requested funding for that placement from the defendants. In April 1983, DCPS denied plaintiffs' request for funding and proposed continued placement at Deal. Plaintiffs then requested and received an administrative due process hearing. The Hearing Officer found the DCPS IEP and proposed placement inappropriate, but declined to consider the placement proposed by the plaintiffs. The Hearing Officer directed DCPS to prepare a new placement within 20 calendar days. The plaintiffs and the defendants met on July 12, 1983, to draft a new IEP but the plaintiffs alleged that the defendants failed to comply with the Hearing Officer's determination. On that same date, the plaintiffs requested a new administrative due process hearing based upon the alleged failure of DCPS to propose a new program and a new placement. A second administrative due process hearing was held on August 1, 1983, and on August 31 the Hearing Officer found that DCPS failed to comply with his prior determination, but he declined again to make a determination concerning whether the Center School, which was proposed by plaintiffs, was an appropriate placement, stating that such determination would be beyond his authority. This action was filed on September 28, 1983.

The case is now before the Court on the defendants' motion to dismiss on the following grounds; (1) the mother has no right to maintain this action in her own behalf, (2) the District of Columbia Board of Education is non *sui juris*, (3) the individual defendants are not properly named in a special education lawsuit, and (4) the plaintiffs have failed to state a claim for which relief can be granted under the Rehabilitation Act of 1973 and the Civil Rights Act of 1971.

### II

As to the first ground in support of their motion, the defendants allege that the child's mother cannot maintain this action in her own right. The defendants concede, as they must, that the child and the mother *as next friend* may pursue this action.

Addressing the merits of this part of the motion, the Court concludes that the EHA, 20 U.S.C. § 1415, gives the parents of the child certain limited rights, and that the parents may sue to enforce those rights consistent with the purposes of the EHA. The Court observes that at least one court has found that an EHA action may be maintained by a child *and* his parents. *See Vander Malle v. Ambach,* 673 F.2d 49, 52 (2d Cir.1982) ("[w]e believe the suit [under the EHA] is properly maintained *both* by

Bruce and his parents") (emphasis this Court's). Yet another court stated that Congress in enacting the EHA has established "a generous bill of rights for parents, guardians, and surrogates of handicapped children who might wish to contest the evaluation and placement policies of educational authorities." *Stemple v. Board of Education*, 623 F.2d 893, 898 (4th Cir.1980).

The Court concludes that Mrs. Tschanneral may maintain this action in her own name to enforce her rights and the rights of the child under the EHA. Accordingly, defendants' motion to dismiss on this ground will be denied.

### III

■ Second, the defendants contend that the District of Columbia Board of Education is not a suable entity. This is an issue which has been raised in other cases but there has never been a need for the Court to address that issue since those cases were disposed of on other grounds.

The District of Columbia Board of Education is established in D.C.Code § 31–101 (1981), which vests control of DCPS in the Board of Education, but which does not provide that the Board of Education can sue or be sued. In contrast, the Board of Trustees of the University of the District of Columbia is established by D.C.Code § 31–1511 (1981) which provides, among other things, that the Board of Trustees is "a body corporate", which may "sue or be used" and may "complain and defend in its own name in any court of competent jurisdiction." Since the statute establishing the District of Columbia Board of Education, unlike the statute establishing the Board of Trustees of the University of the District of Columbia, does not provide that the Board of Education may sue or be sued, the Board is not a suable entity and may not be sued; therefore, the action against the Board of Education must be dismissed. *Kelley v. Morris*, 400 A.2d 1045, 1047 (D.C. App.1979). *See also Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C.App.1976); *Miller*

*v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. App.1974). Plaintiffs who seek injunctive relief may name the individual members of the Board as parties and may also name other public officials as parties, provided that the claim for injunctive relief is properly directed at those Board members or officers. *See Keith v. Washington*, 401 A.2d 468, 471 (D.C.App.1979). Any claim for damages however must name the District of Columbia as a party if District funds are to be reached. *Id.*

The Court, having concluded that the Board of Education is not a suable entity, will enter an order dismissing the Board as a party defendant.

### IV

■ Defendants next move to have the individual defendants, Floretta McKenzie and Doris Woodson, dismissed as defendants in this action. The Court accepts the action against Ms. McKenzie and Ms. Woodson as an action against them in their official, as opposed to their individual, capacities. A review of the complaint reveals that plaintiffs are seeking injunctive relief against these defendants, and this being the case, they have properly named them as defendants for that limited purpose. *See* Part III, *supra.* The motion to dismiss the individual defendants will be denied.

### V.

■ Finally, the defendants move to dismiss any claims asserted against them under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. These claims are not properly before the Court in this case filed pursuant to the EHA and will therefore be dismissed. *Smith v. Robinson*, —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). The Court also concludes that plaintiffs have not stated a claim under the Fifth Amendment.

An appropriate Order consistent with this Memorandum has been filed.