26 F.3d 1186
 307 U.S.App.D.C. 122
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Morris J. WARREN, Appellant
v.
DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS;
William M. Plaut, Administrator, Lorton, Maximum Security
Facility; Classification Committee; Harris, Chief
Classification and Parole Officer; Paul E. Krull, Former
Chief Classification and Parole Officer; Ben Jackson,
Action Chief Classification and Parole Officer; Vaughn,
Officer, Classification and Parole Officer; Jessie,
Psychologist; Milton A. Bullock, Psychologist; and Sharon
Pratt Kelly, Mayor.
 No. 93-7061.
 United States Court of Appeals, District of Columbia Circuit.
 June 15, 1994.
 
 Before: MIKVA, Chief Judge; SILBERMAN and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order dismissing appellant's claims arising from his transfers between the District of Columbia and Maryland, and his transfers to federal facilities, be affirmed substantially for the reasons stated by the district court in its order filed July 9, 1991. It is
 
 
 3
 FURTHER ORDERED that the district court's judgment as a matter of law entered in favor of the defendants after the close of all the evidence on March 31, 1993, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 Pro se appellant Morris Warren challenges the district court's order dismissing his claims challenging his transfers to Maryland under the Interstate Agreement on Detainers, 18 U.S.C.Appx. Secs. 1-8; D.C.Code Sec. 24-701, and his transfers to federal facilities under Lorton regulations and the due process clause. Warren also challenges the district court's judgment as a matter of law in favor of the District of Columbia on Warren's claims that Department of Corrections officials placed fraudulent psychological reports in Warren's file in order to insure his transfer to a federal facility.
 
 
 6
 For the reasons stated by the district court in its order filed July 9, 1991, the dismissal of Warren's claims arising from his transfers is affirmed. The district court did not err in entering judgment as a matter of law in favor of all defendants at the close of the evidence, because no reasonable jury could conclude from the evidence that the defendants purposefully placed false reports in Warren's records in order to effect his transfer to a federal prison. See Ealy v. Richardson-Merrell, Inc., 897 F.2d 1159, 1161 (D.C.Cir.), cert. denied, 498 U.S. 950 (1990) (in reviewing the grant of a motion for a directed verdict, the court of appeals asks whether, viewing the evidence in the light most favorable to the plaintiff, and giving him every reasonable inference, the evidence is so one-sided that no reasonable juror could find in the plaintiff's favor).
 
 
 7
 The district court properly entered judgment as a matter of law in favor of the District of Columbia, because Warren offered no evidence linking his allegations to any official policy of the District of Columbia. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160, 1162 (1993) (a municipality cannot be held liable under Sec. 1983 "unless a municipal policy or custom caused the constitutional injury"). The district court did not err in entering judgment as a matter of law in favor of the District of Columbia Department of Corrections, because as an agency of the District of Columbia, the Department of Corrections is not subject to suit independently of the District of Columbia. See Roberson v. District of Columbia Board of Higher Education, 359 A.2d 28, 31 n. 4 (D.C.1976). The district court also properly entered judgment as a matter of law in favor of defendants William M. Plaaut, Paul E. Krull, Ben Jackson, Officer Vaughn, Mr. Harris and Mr. or Ms. Jesse, because there was no evidence offered at trial regarding their involvement with the preparation of the psychological reports. The district court's judgment as a matter of law in favor of defendant Wolfe was also proper, because there was no evidence offered at trial that would lead a reasonable jury to conclude that Wolfe purposefully prepared a false psychological report. The district court did not err in entering judgment as a matter of law in favor of defendant Bullock, because even if, as Warren testified, Bullock falsely represented that his evaluation was based on a meeting with Warren, Warren offered no evidence that Lorton officials relied on this representation when they decided to transfer Warren to a federal facility. Accordingly, no reasonable jury could have found that any false representation in Bullock's report caused Warren to be transferred to federal custody. See Ealy v. Richardson-Merrell, Inc., 897 F.2d at 1161. The district court's judgment is therefore affirmed.