783 F.2d 345
 S & D CALIFORNIA FRUIT EXCHANGE, INC., Plaintiff-Appellant,
v.
Anthony GURINO, Lawrence Gurino, aka Larry Gurino, Tri
Cornor Farms, Inc., Woodhaven Farms, Inc., and Kew
Forest Farms, Inc., Defendants-Appellees.
In the Matter of Brian A. SHERIDAN, Esq.
 No. 343, Docket 85-7581.
 United States Court of Appeals,
Second Circuit.
 Submitted Dec. 10, 1985.
Decided Feb. 14, 1986.
 
 Brian A. Sheridan, New York City, pro se.
 Before TIMBERS, KEARSE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 In an order filed on November 25, 1985, this Court ordered Brian A. Sheridan, Esq., attorney for the appellant in the above-captioned appeal, to show cause why he should not be found to have vexatiously multiplied the proceedings in the appeal and why he should not therefore be required, pursuant to 28 U.S.C. Sec. 1927 (1982), to pay personally the excess costs, expenses, and attorneys' fees reasonably incurred on this appeal as a result of his conduct in failing to advise either opposing counsel or this Court, prior to the submission of the appeal for decision by this Court, that the case had been settled. Our order to show cause recited the information then before the Court as follows:
 
 
 2
 On August 12, 1985, at a pre-argument conference in this matter, Brian A. Sheridan, the attorney for S & D, signed and left with the Court's staff counsel a stipulation consenting to the withdrawal of the appeal without costs or attorneys' fees, but instructed that the stipulation was not to take effect unless and until he telephoned staff counsel to allow its use. Sheridan did not, prior to November 13, the date scheduled for argument of the appeal, telephone to make the stipulation operative. On September 4, Sheridan filed a brief on behalf of S & D urging reversal of the district court's judgment. Counsel for appellees thereafter communicated several times with the office of the Clerk of this Court, orally and in writing, stating that he believed the matter had been settled by the parties but that he had been unable, despite repeated attempts, to reach Sheridan to confirm that fact. On November 12, appellees' counsel reported to the Clerk's Office that he had been advised by Sheridan that a stipulation withdrawing the appeal had been filed with the Court during the previous week. The Clerk's Office has no record of receiving such a stipulation. The Clerk's Office itself made attempts on November 6, 8, and 12 to reach Sheridan to determine whether the appeal had been settled. Despite the fact that messages to call the Clerk's Office were left with Sheridan's answering service, Sheridan did not respond. On November 15, 1985, Sheridan telephoned staff counsel to authorize the use of the stipulation he had signed.
 
 
 3
 If in fact the parties agreed prior to November 13 to withdraw this appeal, this Court should not have been required to include the appeal, in place of a genuine appeal, in its calendar, nor to consider the merits of the appeal. In the absence, however, of communication from Sheridan, the only attorney who appeared for S & D on this appeal, the Court could not assume that the appeal had been withdrawn and was required to deal with the appeal as if it were being genuinely pursued by S & D. Thus, following submission of the appeal on November 13, and prior to Sheridan's November 15 communication with staff counsel, the Court commenced preparation of an order treating the merits of the appeal.
 
 
 4
 In light of the foregoing, we hereby order that Brian A. Sheridan, attorney for S & D, show cause to this Court in writing on or before December 6, 1985, why he should not be found to have unreasonably and vexatiously multiplied the proceedings in this litigation, and why he should not be required, pursuant to 28 U.S.C. Sec. 1927, to pay personally the excess costs, expenses, and attorneys' fees reasonably incurred on this appeal as a result of such conduct.
 
 
 5
 Sheridan has responded to this order to show cause by submitting an affidavit that seeks to place the blame for his behavior on virtually anyone but himself: on this Court for its decisions in other cases which led to the dismissal of the suit brought by Sheridan's client (which decisions were later reversed by the Supreme Court of the United States); on the opposing parties for their litigation tactics, including their reliance on unreversed decisions of this Court; on opposing counsel for not being in his office when Sheridan alleges he telephoned; and on what Sheridan claims is the "inadequa[cy]" of telephone service to this Court's Clerk's office.
 
 
 6
 Notwithstanding his harangue against all of the above, Sheridan has not denied that the case in which his client appealed was in fact settled prior to the date on which the matter was submitted to this Court for decision. He has not suggested that he was unaware of the date for which the appeal was calendared or that he was unaware of the prior settlement. He has not claimed that he did not receive, prior to the submission of the appeal, messages to telephone a member of the Court Clerk's staff. He has not offered any explanation as to why he did not inform either opposing counsel or the Court by letter that the matter had been settled. Such a course, which in the circumstances normally should have been employed by any responsible officer of the court if he was in fact unable to reach the appropriate person by telephone, would have sufficed to get word to the Court that the matter could be removed from the calendar and need not be decided. Instead, Sheridan did not communicate with the Court until days after the submission of the appeal for decision.
 
 
 7
 We find Sheridan's explanations, even if credited, unsatisfactory, and we conclude that he unreasonably and vexatiously multiplied the proceedings required on the appeal. In view of the heaviness of this Court's docket, we can scarcely afford to countenance artificial increases of judicial burdens caused by an attorney's plain disregard of his responsibilities to the Court. We order, therefore, that Brian A. Sheridan, Esq., pay personally any excess costs, including expenses and attorneys' fees, reasonably incurred on this appeal by appellees as a result of Sheridan's failure to inform the Court or opposing counsel in a timely and appropriate fashion that the case on appeal had been settled. Counsel for appellees should submit an appropriate bill of such costs to the Clerk's office.
 
 
 8
 So ordered.