**225 BROADWAY CO., A Partnership, Plaintiff-Appellee,**

v.

**Brian A. SHERIDAN, and Donald E. Kelly, individually and d/b/a Sheridan & Kelly, Defendants-Appellants.**

**No. 237, Docket 86–7491.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1986.

Decided Dec. 2, 1986.

Brian A. Sheridan, White Plains, N.Y., pro se., and for defendant-appellant Donald E. Kelly.

Jeffrey R. Metz, New York City (Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P.C., Lewis A. Lindenberg, of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, and OAKES and KEARSE, Circuit Judges.

PER CURIAM:

This appeal involves a summary nonpayment of rent proceeding brought by plaintiff landlord, 225 Broadway Co., against its tenants, defendants Brian A. Sheridan and Donald E. Kelly, individually and doing business as the law firm of Sheridan & Kelly. Plaintiff filed this lawsuit in November 1985 in the Civil Court of the City of New York, County of New York. Defendants failed to appear on the return date for trial and, instead, filed a notice of removal to the United States District Court for the Southern District of New York only an hour or two before plaintiff obtained a default judgment of possession of the premises and an award for unpaid rent. Jurisdiction in federal court is derived from diversity of citizenship. The partners in 225 Broadway are citizens of New York and the partners in Sheridan & Kelly are citizens of New Jersey and Connecticut.

Following removal to the district court plaintiff moved for summary judgment, which was granted by Judge Gerard L. Goettel. Finding no merit to defendants' arguments, Judge Goettel ruled that plaintiff was entitled to possession of the premises and $42,971.16 of unpaid rent for a period of over a year and a half. We affirm the judgment of the district court for the reasons given in Judge Goettel's well-considered opinion.

Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, 225 Broadway requests sanctions against Sheridan, who appeared pro se and also represented codefendant Kelly on this appeal. Sheridan's conduct in appeals before this court has been the subject of criticism twice within the past year and a half. Less than a year ago, this court ordered Sheridan to pay excess costs incurred by his opponent because Sheridan "unreasonably and vexatiously multiplied the proceedings required on the appeal." See *S & D California Fruit Exchange, Inc. v. Gurino*, 783 F.2d 345, 347 (2d Cir.1986). Not long before that, this court reprimanded Sheridan for arguing a frivolous appeal and ordered him to pay double costs. See *Pay Television of Greater New York, Inc. v. Sheridan*, 766 F.2d 92, 94–95 (2d Cir.1985). Sheridan also has been ordered to pay attorney's fees for bringing a frivolous suit. See *Samuelson v. Union Carbide Corp.*, 85 Civ. 5373 (S.D. N.Y. Sept. 12, 1986). [Available on WESTLAW, DCTU database].

Sheridan's claims in this case are variously unsubstantiated, fanciful or belated. We need advert to only a few of them to demonstrate that he has again brought and argued a frivolous appeal. Sheridan maintains that plaintiff is not entitled to rent since the lease between the parties had been terminated. The landlord who preceded plaintiff had obtained a judgment of eviction against Sheridan and an award for almost two years of unpaid rent. See *Sheridan v. 225 Broadway Co.*, 82 Civ. 4483, slip op. at 3–4 (S.D.N.Y. Apr. 20, 1983). Apparently, the judgment was never enforced. Sheridan now makes the patently absurd claim that, because the earlier judgment terminated the lease, he is entitled to again withhold rent even though he has continued to maintain occupancy.

Sheridan also presents the claim, not argued to the district court, that he was denied ten days' notice to respond to plaintiff's summary judgment motion in violation of Rule 56 of the Federal Rules of Civil Procedure. Sheridan attempts to take advantage of a procedural irregularity in this case. On February 20, 1986, plaintiff served its notice of motion for summary judgment on Sheridan, and filed it in the

district court on the following day. However, Judge Goettel had mistakenly dismissed this action on February 19, 1986, but he vacated the dismissal order on February 24, 1986. Sheridan claims without any evidence that he did not learn of the vacatur of the dismissal until March 7, 1986, which was seven days before the motion was heard by the district court on March 14, 1986. It is clear, though, that from the time the dismissal was vacated on February 24, 1986, and allowing for time for Sheridan to be notified, until the hearing on March 14, 1986, Sheridan had well in excess of the required ten days to respond to plaintiff's motion. Sheridan's failure to press this point in his papers in the district court supports this view.

Another example of Sheridan's abusive practices is his claim, also not raised below, that plaintiff failed to join parties indispensable to the relief requested, in violation of Rule 19 of the Federal Rules of Civil Procedure. Sheridan alleges that subtenants are indispensable to the relief of exclusive possession of the premises sought by plaintiff. He contends that plaintiff admitted the existence of undertenants solely on the basis of plaintiff's failure to strike a single word, "undertenants," from one sentence of its printed complaint form. Plaintiff, however, alleged nonpayment of rent and developed proof only with respect to defendants. Sheridan proffered no evidence to the district court to show that any such undertenants exist. At oral argument, he claimed to possess such evidence and waved papers purported to be rent checks signed by undertenants. This claim is frivolous. Sheridan's decision to press this issue on appeal in spite of his failure to submit evidence in the district court highlights his abuse of this court's proceedings.

Sheridan's other arguments also are frivolous or untimely raised, or both, and do not require discussion. Once again, his tactics have needlessly occupied the attention and resources of his adversaries and of this court. Therefore, in view of the frivolous nature of this appeal, Sheridan's record before this court in other cases and the warning issued to him by the panel in *Pay Television,* 766 F.2d at 94–95, we order Sheridan to pay double costs and a reasonable attorney's fee to plaintiff. If Sheridan is not deterred from arguing additional frivolous appeals, his conduct next time will be met with more severe sanctions and may well invite the attention of the Departmental Discipline Committee of the New York Supreme Court, First Department.

The order of the district court is affirmed and plaintiff is awarded double costs and a reasonable attorney's fee.[1]

---

1. If the parties cannot agree on the amount, we will fix it on application of plaintiff.