**THERMOCYCLE INTERNATIONAL, INC., Plaintiff–Appellant,**

v.

**A.F. HINRICHSEN SALES CORP., Defendant–Appellee.**

**Appeal No. 87–1401.**

United States Court of Appeals, Federal Circuit.

June 30, 1988.

Otto G. Obermaier, Obermaier, Morvillo, Abramowitz & Iason, P.C., New York City, for plaintiff-appellant. With him on the brief was Alan J. Brudner.

Allison C. Collard, Collard, Roe & Galgano, P.C., Roslyn, N.Y., for defendant-appellee.

Before DAVIS *, SMITH, and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Thermocycle International, Inc., appeals the default judgment entered in the United States District Court for the Southern District of New York, summarily dismissing with prejudice its complaint for patent infringement against A.F. Hinrichsen Sales Corp. and granting Hinrichsen's counterclaims of patent invalidity, non-infringement, patent misuse and violation of the Sherman Act. *Thermocycle International v. A.F. Hinrichsen Sales Corp.*, No. 82 Civ. 5848 (S.D.N.Y. May 4, 1987), *mot. to vacate denied*, Memorandum and Order (May 22, 1987). We vacate the judgment and remand to the district court for trial on the merits.

Hinrichsen's motion to dismiss this appeal is denied.

---

OPINION

The issue arose on Thermocycle's motion *in limine* that certain evidence offered by Hinrichsen, which would require testimony of Mr. Calimafde, a partner in the law firm Hopgood, Calimafde, Kalil, Blaustein & Judlowe that was representing Thermocycle, be excluded. It appeared that such evidence would or could be contrary to Thermocycle's interest. The district court denied the motion *in limine* on the day set for trial, denied counsel's motion to withdraw the firm's representation of Thermocycle, and held that the firm was disqualified for conflict of interest. The court found that counsel had known of this potential conflict for three years and that failure to have arranged for substitute counsel to be present on the trial date was for the purpose of delay. The court entered default judgment for Hinrichsen.

With new counsel, Thermocycle raises several arguments in its request for relief, including the following: First, that there was and is substantial uncertainty about whether the canons of professional ethics would have required Mr. Calimafde's firm to withdraw, and that counsel made a reasonable effort to obtain a pre-trial ruling from the court on the evidentiary issue involving Mr. Calimafde. Second, that the penalty against the client is disproportionate, and unjust. Third, that the counterclaims of patent invalidity, noninfringement, misuse, and antitrust violation require findings of fact and conclusions of law, and can not be adjudicated by default. Finally, Thermocycle states that there was no basis for the district court's ruling that the failure to have substitute counsel was for the purpose of delay, observing that all witnesses were present in the courtroom, including the inventor who had travelled from Norway.

Hinrichsen emphasizes the district court's discretionary authority to control its docket and discipline those who appear before it, and points out that during the almost three years that Thermocycle's

counsel knew of the potential for conflict, it denied that there was a factual basis thereof until it filed the motion *in limine*. Hinrichsen asserts that there was support for the court's conclusion that Thermocycle's sole purpose was delay, although Hinrichsen offers no specifics in support of this statement; and that it is well established that the client must bear the consequences of errors of its counsel. Hinrichsen also argues that Thermocycle's counsel committed fraud in the Patent Office, and that Mr. Calimafde's testimony was necessary to its case.

### A

■ Courts have substantial discretion in the management of their case load, including determination of when and how to discipline those who appear before them. *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Link* the plaintiff's lawyer did not appear for a scheduled pretrial conference, after two delays in trial date and after six years of pendency, *id.* at 627–29, 82 S.Ct. at 1387–88; the Court described the non-appearance as "deliberate or the product of neglect," *id.* at 636, 82 S.Ct. at 1391, and dismissed the complaint. In *Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986) default was deemed appropriate for defense counsel's failure to attend a resumption of a bench trial that was, at his request, repeatedly rescheduled, and finally took place in his unexplained absence. In *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 334 (2d Cir.1986) the entry of two successive default judgments a year apart was upheld when, inter alia, neither judgment was challenged until another year had passed. In *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984) the Eleventh Circuit held that the erratic behavior of a party including failure to show up for trial was not sufficient to allow a default that would have provided an undeserved windfall, i.e., a substantial financial recovery, to the other parties. The grant of the default judgment was held to be an abuse of discretion. All the cases to which our attention has

been directed require actions far more grievous than those here present to sustain a default judgment. We have given particular attention to decisions of the Second Circuit, which control this case.

■ The district court's principal stated reason for its decision was that Thermocycle's counsel knew it would be required to withdraw and deliberately delayed arranging for alternative counsel, thus preventing the trial from occurring as scheduled. In discussing the analogous dismissal for failure to prosecute, the Second Circuit in *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986) reversed a district court's dismissal for failure to prosecute, as an abuse of discretion. The Second Circuit listed five factors that an appellate court should assess in reviewing dismissal for failure to prosecute:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* at 312. The court observed that "dismissal is a harsh remedy to be used only in extreme situations". *Id. See Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983) ("The remedy is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions" (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir.1980))). This observation is even more applicable to default judgments.

No precedent supports the grant of a default judgment, including liability of unknown magnitude for antitrust violation, in circumstances comparable to those before us. As noted in *Spann v. Commissioners of the District of Columbia*, 443 F.2d 715, 716 n. 1 (D.D.C.1970), there is a "basic policy favoring resolution of litigation on the merits".

We neither review, nor condone, any errors in counsel's judgment. For purposes of this appeal we accept the district court's view of what the Hopgood firm "should have known", and we do not denigrate the district court's concern with the effect of a jury trial on the court's calendar. But on due consideration of all the circumstances we conclude that the penalty imposed is highly disproportionate, and would under Second Circuit precedent be deemed an abuse of the district court's discretion. The record shows no consideration of lesser sanctions. Indeed, we observe that Hinrichsen had offered to withdraw its subpoena of Mr. Calimafde, although on terms highly unfavorable to Thermocycle. The plaintiff's right to judicial resolution of its dispute with this defendant, and the absence of any evidence whatsoever of deliberate wrongdoing, weigh heavily against the harsh penalty of default judgment on claims and counterclaims.

### B

Thermocycle's new counsel argues that the canons of professional ethics and recent rulings of the New York Court of Appeals do not unambiguously require that the prior law firm have withdrawn, citing *S & S Hotel Ventures v. 777 S.H. Corp.*, 69 N.Y.2d 437, 440, 515 N.Y.S.2d 735, 736, 508 N.E.2d 647, 648 (N.Y.1987) (stating that "the party's valued right to choose its own counsel" must be considered in determining whether disqualification would work a substantial hardship on the client) and *J.P. Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir.1975) (district court should determine, when a lawyer affiliated with the firm "ought" to be called as a witness, whether the withdrawal of the entire firm "at this point in view of its professional expertise and familiarity with the facts of the case" deprives the client of its right to counsel of its own choosing and works a substantial hardship).

The Hopgood law firm had represented Thermocycle for at least twelve years, before as well as during the lengthy preparation for this trial. Whether the firm was required to withdraw is not before us, be-cause it did withdraw immediately when the motion *in limine* was denied. We observe only that any uncertainty in application of the canons to this situation also weighs in mitigation of the extreme sanction of default judgment.

In view of all the circumstances, we conclude that the default judgment, summarily imposed without opportunity for remedial action on behalf of Thermocycle, was an abuse of the district court's discretion.

### *The Motion to Dismiss*

Hinrichsen's motion to dismiss this appeal is denied.

### *Costs*

Each party shall bear its costs.

VACATED AND REMANDED