**1572**

Leonard JULIEN, Plaintiff–Appellant,

v.

Henry ZERINGUE, Zeringue's Farm Equipment Service, and John Clet Landry, Defendants/Cross–Appellants,

and

Thomson International, Inc., Labadieville Machinery Co., Inc., and Robert Bourdreaux, Defendants–Appellees.

Nos. 87–1115, 87–1139.

United States Court of Appeals, Federal Circuit.

Jan. 5, 1989.

C. Emmett Pugh, New Orleans, La., submitted for plaintiff-appellant.

E. Richard Zamecki, Browning, Bushman, Zamecki & Anderson, Houston, Tex., submitted for defendants/cross-appellants. Walter R. Brookhart, Browning, Bushman, Zamecki & Anderson, Houston, Tex., of counsel.

John M. Coman, Jr., New Orleans, La., submitted for defendants-appellees.

Before BISSELL, ARCHER and MICHEL, Circuit Judges.

## ORDER

BISSELL, Circuit Judge.

Initially, this court dismissed the appeal of Leonard Julien (Julien) for failure to prosecute and the cross-appeal of Henry Zeringue, Zeringue's Farm Equipment Service and John Clet Landry (collectively Zeringue) as moot. *Julien v. Zeringue,* Nos. 87–1115, –1139 (Fed.Cir. Sept. 6, 1988) (unpub. order). The September 6 order also directed Julien and his counsel, C. Emmett Pugh, to pay as damages the reasonable attorney fees of Zeringue, and Thomson International, Inc., Labadieville Machinery Co., Inc., and Robert Bourdreaux (collectively Thomson) in this appeal, and double costs. Julien requested reconsideration of the order, and on December 7, 1988, this court issued an unpublished order vacating the September 6 order and granting Julien's request to dispose of this appeal on the merits. Disposition on the merits occurs in an opinion issued concurrently with this order. *See Julien v. Zeringue,* 864 F.2d 1569 (Fed.Cir. 1989). Here we consider counsel's conduct, whether sanctions should be imposed, and the amount of any damages. Because Julien's counsel has demonstrated a reckless disregard for his duties to this court, we impose sanctions against C. Emmett Pugh. We award damages of reasonable attorney fees and expenses to Zeringue and Thomson.

## BACKGROUND

Since December 16, 1986, when this appeal was first docketed, Julien has filed no less than 14 motions for extensions of time. Julien has met only one deadline imposed by the rules and orders of this court.

Julien's appeal brief was originally due on February 14, 1987. On February 2, April 23, and June 1, Julien filed unopposed motions for extensions of time to file his brief. On July 20, 1987, this court informed the parties that Julien's brief was due no later than August 31, 1987. On September 1, one day after the deadline, Julien filed a motion for another extension, until September 8, to file his brief. The court granted the motion. On September 9, Julien submitted his brief accompanied by a motion for leave to file the brief one day out of time. That motion was also granted. Shortly thereafter, Zeringue and Thomson moved to strike Julien's brief and to dismiss the appeal or, in the alternative, to direct Julien to file a corrected brief. Zeringue and Thomson were both experiencing difficulties in preparing their briefs because of Julien's failure to properly designate material for the joint appendix and to serve a table of appendix page numbers. Julien moved for and was granted an extension of time to respond to the motion. After reviewing the submissions, the court issued an order explaining in detail the proper procedure for preparing a joint appendix. The order directed Julien to serve a table of appendix page numbers and a corrected brief by November 4, 1987, and admonished Julien for not following the court's rules of practice governing the preparation of a joint appendix.

Julien did not meet the November 4 deadline. Instead, he requested and received four additional 30–day extensions of time to file his corrected brief and table of appendix page numbers. When this court

granted the last extension, it warned Julien that no further extensions of time would be granted. Julien met this deadline.

Julien's reply brief and the joint appendix were due on May 19, 1988. *See* Fed.R. App.P. 31. On May 24, Julien moved for an extension of time, until June 6, 1988, to file his reply brief. We granted the motion on June 1, with the warning that no further extensions would be granted. Julien to date has not filed a reply brief.

In the meantime, oral argument had been set for September 8, 1988. Nine days before the scheduled argument and almost three months overdue, the court received, but rejected, Julien's joint appendix because it was delivered without a motion to file out of time. On September 2, 1988, Zeringue filed a motion to dismiss Julien's appeal for failure to timely file a joint appendix. This court granted Zeringue's motion to dismiss and awarded reasonable attorney fees against Julien because the appeal was frivolous under Federal Rule of Appellate Procedure 38. *Julien v. Zeringue*, Nos. 87–1115, –1139 (Fed.Cir. Sept. 6, 1988) (unpub. order).

On September 20, 1988, Julien's counsel filed a motion for additional time to prepare his request for reconsideration. *See* Fed.Cir.R. 45 (providing that a motion for reconsideration must be filed "within 14 days of receiving the order of dismissal"). Julien was given until September 28, 1988, however, he was warned "[N]o additional extensions will be granted." *Julien v. Zeringue*, Nos. 87–1115, –1139 (Fed.Cir. Sept. 22, 1988) (unpub. order). On September 28 and 29, Julien requested additional one-day and two-day extensions of time. Finally on October 3, 1988, Julien filed a "Petition for Reconsideration." For purposes of this appeal we treat the petition filed as a motion. *See* Fed.Cir.R. 45 (providing that reconsideration of dismissal is sought by motion). Julien's motion for reconsideration contained an extensive discussion regarding the merits of the case and why counsel's poor management of this appeal was excusable and should not be sanctioned.

After reviewing Julien's motion for reconsideration, we issued an order providing, *inter alia,* that (1) Julien could file the joint appendix out of time, (2) Julien's motion for reconsideration of the court's September 6, 1988, dismissal order was granted, (3) the September 6, 1988, order was vacated and the mandate recalled, and (4) the court would consider the merits of the appeal and cross-appeal on the briefs. *Julien v. Zeringue*, Nos. 87–1115, –1139 (Fed. Cir. Dec. 7, 1988) (unpub. order).

## DISCUSSION

### I. Failure To Prosecute

The Federal Rules of Appellate Procedure, as supplemented by the local rules of this court, set forth certain requirements that litigants are expected to follow in pressing appeals before this court. Fed.R. App.P. 1(a), 47; *see Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 405 (3d Cir.1980). We want to make it very clear that our dismissal of Julien's appeal for failure to prosecute, in the first instance, was warranted and within our powers. *See* Fed.Cir.R. 45; *Link v. Wabash R.R.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). However, after considering counsel's candid admissions of fault and acknowledging the lack of a published order of this court on dismissal for failure to prosecute, we refrained from dismissing this appeal. The bar is now on notice, however, that failure to comply with this court's rules, including the requirements for preparing and filing briefs, appendices and other papers, may result in dismissal of an appeal for failure to prosecute. Fed. Cir.R. 45; *see National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (affirming a dismissal under Fed.R.Civ.P. 37 for failure to respond to interrogatories, notwithstanding the district court's admonitions and numerous extensions); *Barber v. American Sec. Bank*, 841 F.2d 1159, 1162 (D.C.Cir.1988) ("Counsel's failure to file his brief on time and his failure to file the proper motions evidence inexcusable disregard for the rules of this court and thus warrant dismissal.").

■ If the judicial process is to function effectively, we must retain the ability to control our docket and dismiss cases where counsel fail to perform their duties. *See Thermocycle Int'l Inc. v. A.F. Hinrichsen Sales Corp.*, 851 F.2d 339, 341, 7 USPQ2d 1407, 1408 (Fed.Cir.1988); *cf. Landis v. North Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936) (noting that the power to stay proceedings is incidental to a court's inherent power to control its docket). Julien's counsel has repeatedly demonstrated a callous disregard for his responsibility to meet the time deadlines imposed by this court's rules and orders. *Cf. Stotler and Co. v. Able*, 837 F.2d 1425, 1427 (7th Cir.1988) ("Orders fixing the schedule for briefing an appeal must be obeyed if the business of the federal courts is to be conducted with appropriate dispatch, and we take violations of such orders seriously."). Accordingly, dismissal of Julien's appeal for failure to prosecute was warranted and dismissal will be imposed in future appeals under the proper circumstances. *See Kushner*, 620 F.2d at 407 (dismissing an appeal for failure to file an appendix conforming to local rules); *Barber*, 841 F.2d at 1162 (dismissing an appeal for appellant's failure to timely file a brief).

## II. Sanctions

■ Julien's counsel concedes that his unprofessional management over the preparation of this appeal resulted in "burdening the appellate court with 'ragtag' and 'rough edge' performances with hurried work products." We agree and sanction him personally under 28 U.S.C. § 1927 (1982). *Braley v. Campbell*, 832 F.2d 1504, 1512 (en banc) (10th Cir.1987); *cf. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980) (discussing availability of attorney sanctions under section 1927); *see generally* Martineau, *Frivolous Appeals: The Uncertain Federal Response*, 1984 Duke L.J. 845. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

■ However, "[b]efore sanctioning under section 1927, the court" must give the attorney notice and opportunity to be heard. H.R.Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted* in 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2783 (dictating that "the court is to afford the attorney all appropriate protections of due process available under the law."); *see also Roadway Express*, 447 U.S. at 767, 100 S.Ct. at 2464. If the court intends to sanction an attorney *sua sponte*, due process is satisfied by issuance of an order to show cause why sanctions should not be imposed and by providing an opportunity to respond. *Braley*, 832 F.2d at 1515. Due process, however, is a flexible concept and the particular procedural safeguards required will vary depending upon all the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Braley*, 832 F.2d at 1514.

■ Here Julien's counsel has received the process due. After receiving the September 6 dismissal order (now vacated), Julien's counsel filed extensive papers with this court providing detailed explanation as to why his conduct in preparing this appeal should be excused, the appeal reinstated, and the sanctions lifted. Julien's motion for reconsideration was 52 pages in length and was accompanied by numerous affidavits. The motion papers asserted that the appeal was meritorious, and that if anybody was to be punished, it should be counsel and not his client Julien. The penalty suggested in that eventuality was a two-year suspension. We conclude that counsel received sufficient notice that the court was considering sanctions, and was given a subsequent opportunity to respond.

■ Personal sanctions under section 1927 against an attorney are appropriate for conduct that "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley*, 832 F.2d at 1512. The judicial process has been badly abused by Julien's counsel. For example, he contin-

ually missed deadlines, requested at least 10 extensions of time to file his briefs, and submitted a joint appendix 11 months after he was given extensive and explicit instructions on how to prepare and file a joint appendix. After being warned that no further time extensions would be granted, he missed the deadline for filing Julien's reply brief and joint appendix.

Furthermore, counsel informed this court in an October 3, 1988, affidavit that "the Julien case [was] the last piece of significant litigation for which he had any responsibility." This representation is false, counsel had another appeal (*Pan American Life Insurance Co. v. Federated Mutual Insurance Co.*, No. 88–1536) pending before this court at the same time. On October 5, in *Pan American*, counsel requested a six-week extension of time to file a brief because he did not realize the brief was already overdue. This court gave counsel until October 21 to file the brief and then dismissed the appeal for failure to prosecute when he failed to comply. *Pan American*, No. 88–1536 (Fed.Cir. October 27, 1988) (unpub. order). Counsel's abuse of the judicial process must come to an end. His overall pattern of conduct demonstrates a reckless disregard for his duties to this court. That conduct has unreasonably and vexatiously burdened both this court and his opponents.

Counsel urges that we suspend him from appearing before this court for two years rather than assess money damages. For the present we decline to prescribe that penalty. Instead, we impose personally on Julien's counsel a portion of the attorney fees and expenses of Zeringue and Thomson, as damages. We do not impose such sanctions lightly. *See Limerick v. Greenwald*, 749 F.2d 97, 101–02 (1st Cir.1984).

### III. Excess Fees

■ After this court dismissed the appeal on September 6 (now vacated), Zeringue and Thomson filed detailed applications for attorney fees and expenses requesting $57,220 and $6,400, respectively. Julien's counsel filed three responsive papers opposing the fee applications. The total amounts requested by Zeringue and Thomson are inappropriate under section 1927 as a sanction against Julien's counsel. Section 1927 only requires that C. Emmett Pugh pay personally the excess costs, expenses, and attorney fees reasonably incurred on this appeal as a result of his improper conduct. *See S & D California Fruit Exchange, Inc. v. Gurino*, 783 F.2d 345, 347 (2d Cir.1986); *cf. Roadway Express*, 447 U.S. at 756 n. 3, 100 S.Ct. at 2459 n. 3 (agreeing with lower court that section 1927 provides only for excess costs and not for the total cost of the appeal). Zeringue and Thomson are entitled to reasonable attorney fees for the extra work incurred as a result of Pugh's abuse of the judicial process. After careful review, we conclude that the amount of such attorney fees is as follows:

| | |
|---|---|
| Zeringue | $12,087 |
| Thomson | 1,350 |

Accordingly, IT IS ORDERED THAT:

1. Julien's counsel, C. Emmett Pugh, is sanctioned and directed to personally pay Zeringue and Thomson damages in the nature of the extra attorney fees and expenses they incurred in this appeal.

2. Zeringue is entitled to recover the sum of $12,087.

3. Thomson is entitled to recover the sum of $1,350.