983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Randall L. McDONALD, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 92-3449.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1992.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Randall L. McDonald moves for leave to file his brief out of time and for an additional 60-day extension to file his brief.
 
 
 2
 McDonald, acting pro se, filed a petition for review of a Merit Systems Protection Board decision on May 26, 1992. On June 3, 1992, McDonald retained counsel to represent him. Counsel was admitted to the bar of this court on June 29, 1992.
 
 
 3
 McDonald's brief was due on September 8, 1992. Fifteen days later, on September 23, counsel filed the instant motion. Counsel states that she does not yet have the transcript of the Board's hearing and that she needs more time to prepare the brief. Counsel also states that "no briefing schedule for briefs has been received, although the Notice of Docketing sent to the Appellant states that a schedule will be calendared."
 
 
 4
 Counsel's reasons for failing to file a brief appear to be twofold: first, more time is needed to prepare and, second, counsel was unaware of the brief due date. With regard to the former, such requests are routinely filed before a brief is due. With regard to the latter, the Notice of Docketing letter referred to by counsel states "Briefs due (Rule 31)." Rule 31, in turn, prescribes that briefs are due within 60 days of service of the certified list. Nowhere does the Notice of Docketing state that a "briefing schedule" will be sent to the parties. Moreover, as counsel indicates by the filing of a motion for leave to file a brief out of time, she is aware that the brief due date has passed. Further, even if counsel believed that a briefing schedule was going to be sent, she was under an obligation to inquire about the status long before four months had elapsed.
 
 
 5
 Finally, counsel's request for an additional 60 days to file an already overdue brief evidences a lack of awareness of the seriousness with which the court regards meeting brief due dates. In Julien v. Zeringue, 864 F.2d 1572, 1574 (Fed.Cir.1989), we stated that the bar was on notice that failure to comply with brief due dates could result in dismissal.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 McDonald having failed to file a brief, the petition for review is dismissed.