In re Jerry L. MARSHALL and
Henrietta S. Marshall,
Debtors.

Jerry L. MARSHALL and Henrietta
S. Marshall, Plaintiffs,

v.

SECURITY STATE BANK OF
HAMILTON, Defendant.

Bankruptcy No. 90–80139.
Adv. No. 90–8056.

United States Bankruptcy Court,
C.D. Illinois.

April 20, 1993.

William M. McCleery, Jr., Schmiedeskamp, Robertson, Neu & Mitchell, Quincy, IL, for defendant.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, IL, for debtors/plaintiffs.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the motion of the Defendant, SECURITY STATE BANK OF HAMILTON (STATE BANK), for attorney's fees and expenses in this proceeding. This Court previously resolved this truth-in-lending proceeding in the favor of the Debtors, JERRY L. MARSHALL and HENRIETTA S. MARSHALL (MARSHALLS), and awarded the MARSHALLS statutory damages of $1,000.00 and attorney's fees of $2,608.75 plus costs. The MARSHALLS' claim for prejudgment interest, in the approximate amount of $50.46, was denied. The MARSHALLS appealed this denial to the District Court. The District Court affirmed this Court's decision and the MARSHALLS appealed to the Court of Appeals, which affirmed the District Court's decision.

The STATE BANK brought this motion for allowance of attorney's fees and expenses in the amount of $3,888.05, which it seeks to set off against the fees it owes the MARSHALLS' attorney as a result of the truth-in-lending violation. It is not disputed that in early May of 1991, after the MARSHALLS filed their notice of appeal from this Court's order denying their claim for prejudgment interest, the STATE BANK tendered to the MARSHALLS in proposed settlement of their claim for prejudgment interest the sum of $150.00 in exchange for dismissal of the appeal. The MARSHALLS refused to settle the case, and returned the money to the STATE BANK. The basis of their action was that the issue of prejudgment interest involved an important principle, and a concern this

Court's published opinion would be persuasive to other courts. The STATE BANK contends that the MARSHALLS' refusal to settle the litigation was unreasonable and that it should be allowed its attorney's fees and expenses incurred after the tender in defending the appeal before the District Court and the Court of Appeals. The STATE BANK relies on this Court's general equitable powers to protect the integrity of the Bankruptcy Code and to assess attorney's fees and expenses against those who willfully abuse the judicial process. *See In re Perez,* 43 B.R. 530 (Bkrtcy.S.D.Texas 1984); *In re Silver,* 46 B.R. 772 (D.C.1985). In response, the MARSHALLS argue that the STATE BANK is not entitled to an award of fees and expenses because they failed to comply with Rule 68 of the Federal Rules of Civil Procedure.

■ Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same ef-

fect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Under its terms, Rule 68 only applies to offers of settlement made more than ten days prior to trial. It has no application to the present case.

■ Article III of the Constitution restricts the power of the federal judiciary to the resolution of "cases" and "controversies." *City of Evanston v. Regional Transp. Authority,* 825 F.2d 1121 (7th Cir. 1987). This requirement of a case or controversy is fundamental to the exercise of judicial powers and to the preservation of the judicial system. Federal courts are confined to real and substantial issues which impact the parties before the court. Moreover, the issue must remain "alive" throughout the litigation.

■ It does not appear from the record that either the District Court or the Court of Appeals was informed of the STATE BANK's offer to the MARSHALLS. Had they been, this Court does not believe that the parties would be before it now. When an opposing party offers all that the other side is seeking, there is no longer a claim or controversy. As the court stated in *Rand v. Monsanto Company,* 926 F.2d 596 (7th Cir.1991):

Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, *Alliance to End Repression v. Chicago,* 820 F.2d 873 (7th Cir.1987), and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.

Federal courts do not render purely advisory opinions for the guidance of litigants in future cases. *See Harris v. Texas & Pacific Ry. Co.,* 196 F.2d 88 (7th Cir.1952). No issue is that important in and of itself, and certainly the issue litigated in this case had little ramifications.

■ Every court retains the inherent power to protect the integrity of its office. Instrumental to that control is the authority to award attorney's fees. *See In re*

*Usokin,* 61 B.R. 869 (Bkrtcy.E.D.N.Y.1986). Attorney's fees may be awarded where a party pursues a claim which is wholly without legal justification. Under Title 28 U.S.C. § 1927, a court may assess fees and costs directly against an attorney responsible for unreasonable and vexatious multiplication of the proceedings.[1] In *S & D California Fruit Exchange, Inc. v. Gurino,* 783 F.2d 345 (2nd Cir.1986), the court imposed fees under this provision against counsel for failing to notify the court that the case had been settled.

Courts have necessarily become far less tolerant of a litigant's misconduct, given the great influx of cases to the federal system. In *In re Hendrix,* 986 F.2d 195 (7th Cir.1993), the Court of Appeals for the Seventh Circuit chastised counsel for failing to cite relevant authority and directed the filing of a statement in opposition to the imposition of sanctions under Rule 38 for filing a frivolous appeal or for abuse of process. Litigants must not be permitted to squander judicial resources truly needed by others. *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986).

 While an award of fees against an opposing party is a severe measure which this Court reserves for the exceptional circumstance, this Court believes that such an award is warranted in this case. The MARSHALLS' dogged persistence in pursuing this case and refusing a settlement well in excess of the full amount in controversy, evinces a purposeful departure from acceptable conduct. Pursuit of the two appeals was a waste of judicial resources and is the type of action which can only bring public criticism to the judicial process. In the present case, the MARSHALLS' counsel clearly was controlling the filing and pursuing of the appeals. Therefore, the STATE BANK will be awarded attorney's fees and expenses in the amount of $3,888.05 and will be permitted to set off those fees and expenses against the judgment for $2,608.75 award-ed MARSHALLS' counsel against the STATE BANK by this Court on November 3, 1992.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

1. Had the MARSHALLS' refusal to settle been brought before the Court of Appeals, fees could have been awarded under Rule 38 of the Rules of Appellate Procedure, which provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.