34 F.3d 1078
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lloyd ATTERBERRY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7010.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1994.
 
 6 Vet.App. 33.
 DISMISSED.
 ON MOTION
 ORDER
 PER CURIAM.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Lloyd Atterberry's appeal for lack of jurisdiction. Atterberry opposes.
 
 
 2
 In a decision dated June 21, 1991, the Board of Veterans Appeals denied Atterberry's claim for an increased disability rating for anxiety and depressive neurosis and denied Atterberry's claim for total disability evaluation based on individual unemployability. The Board remanded other claims, that Atterberry raised for the first time before the Board, to the regional office. The Board informed Atterberry that he had 120 days to appeal to the Court of Veterans Appeals. Atterberry filed a notice of appeal on May 14, 1993, and the Court of Veterans Appeals ordered Atterberry to show cause why his appeal should not be dismissed as untimely, as it was filed approximately 18 months beyond the due date. Atterberry responded that he had previously appealed to the wrong court. The misfiled appeal was apparently an action challenging the Board's decision that Atterberry filed in the United States District Court for the District of South Carolina on February 27, 1992. In any event, the commencement of that action was also beyond the time period for appeal to the Court of Veterans Appeals.
 
 
 3
 On August 16, 1993, the Court of Veterans Appeals dismissed Atterberry's appeal as untimely. In his informal brief and his notice of appeal to this court, Atterberry challenges only factual determinations and the application of the law to his claim. Thus, no issue is raised which falls within the jurisdiction of this court under 38 U.S.C. Sec. 7292(c), (d)(1)-(2) (Supp. III 1991).
 
 
 4
 Most appeals to the Federal Circuit from sources other than the Court of Veterans Appeals involve reviewing decisions from trial courts or agency boards that function like trial courts. In such appeals, Congress has given this court broad power to review many types of issues, including questions of fact or the application of the law to the facts of the case.
 
 
 5
 In appeals from the Court of Veterans Appeals, unlike appeals from a trial court or administrative agency, we review cases that have already been subject to review by an appellate court. Because of this previous appellate review, Congress, in these cases, denied this court the usual broad scope of review and limited this court's review to certain rulemaking, statutory, and constitutional issues. In particular, section 7292(d) of Title 38 of the U.S.Code states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 6
 This court can review only challenges to the validity of a statute or regulation or the interpretation of a constitutional or statutory provision that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity of a statute or regulation or the interpretation of a constitutional or statutory provision relied on by the Court of Veterans Appeals, this court is required by Sec. 7292(d) to dismiss the appeal. See Albun v. Brown, No. 93-7115, slip op. (Fed.Cir. Nov. 22, 1993) (claimant's appeal concerning Court of Veterans Appeals' jurisdiction dismissed because the claimant only challenged factual determinations and the application of the law to the facts of her case); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Each side shall bear its own costs.