22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Henry MINTER, Matt Skrlac, Stanley Bellman, Glenn Brand,
Edward Buechele, Norman Curry, Michael Duncan, Gerald Ellis,
Herman Gaines, Sylvester Glenn, Earnest Greathouse, Rex
Ishmael, Cornelius Johnson, Wallace Kraus, Richard McBride,
Richard Miller, Donald Palardis, Raymond Randall, Bruce
Shutz, Dennis Stein, Jack Walder, Alex Williams, Joe
Williams, Richard Williams, and Peter Garaffo, Plaintiffs-Appellants,
v.
The UNITED STATES and the United States Department of the
Navy, Defendants-Appellees.
 No. 94-1099.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 MICHEL, Circuit Judge.
 
 ON MOTION
 
 1
 Henry Minter et al. move for leave to file, out of time, a motion for a 28-day extension of time to file their brief. The United States has not filed a response.
 
 
 2
 Minter's brief was due February 7, 1994. Minter states that he "became aware" of the fact that his brief was overdue on February 16, 1994. On February 22, 1994, Minter filed the above referenced motion. In an attached affidavit, Minter states "[d]ue to the fact that the case was mis-docketed as an appeal to the Seventh Circuit Court of Appeals, the undersigned was unaware that the Appellant's brief was due February 7, 1994." Minter also states that other litigation duties prevent him from being able to file the brief any earlier than the requested due date.
 
 
 3
 Fed.Cir.R. 26(c) states that "absent extraordinary circumstances that must be described in an accompanying affidavit," motions to enlarge the time prescribed by the rules of the court must be made "at least seven days before the date sought to be extended." Minter's accompanying affidavit is more telling in its omissions than its explanations. Minter states that he was "unaware" of the brief's due date. However, Minter was sent a notice of docketing on December 8, 1993. Minter does not state that he never received the notice, nor does he explain how he became aware that the brief was overdue. Further, Minter does not explain the relevance of his statement concerning the Seventh Circuit. Clearly Minter knew the appeal was before this court as evidence by his recent actions. Minter's cursory statements do not suffice to explain why he failed to determine the brief's due date. In sum, Minter has not described circumstances so extraordinary as to excuse his failure to file a timely request for an extension.
 
 
 4
 The court in Julien v. Zeringue, 864 F.2d 1572 (Fed.Cir.1989) put the bar on notice that failure to comply with the court's rules, including the requirements for filing and preparing briefs, "may result in dismissal of an appeal for failure to prosecute." Julien, 864 F.2d at 1574. Minter is responsible for familiarizing himself with the rules of this court and complying with them.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Minter's motion for an extension of time is denied.
 
 
 7
 (2) The appeal is dismissed.
 
 
 8
 (3) Each side shall bear its own costs.