34 F.3d 1078
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CERAMICA REGIOMONTANA, S.A., Plaintiff-Appellant,
and
Ceramica Y Pisos Industriales De Culliacan, S.A. and
Industriales Intercontinental, S.A., Plaintiffs,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-1379.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss Ceramica Regiomontana, S.A.'s appeal as premature. Ceramica opposes.
 
 
 2
 On May 9, 1994, the Court of International Trade issued an amended order:
 
 
 3
 The case having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,
 
 
 4
 IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED: that Count One of plaintiffs' complaint is denied; and it is further
 
 
 5
 ORDERED, ADJUDGED, AND DECREED: The case is remanded to Commerce to recalculate the country-wide countervailing duty rate to non-de minimis firms by weight averaging the benefits received by all companies by their proportion of exports to the United States, inclusive of zero rate firms and de minimis firms pursuant to the methodology set forth in Ipsco v. United States, 899 F.2d 1192 (Fed.Cir.1990); it is further
 
 
 6
 ORDERED: that the ITA shall report the results of this remand to the Court by August 8, 1994 and the parties shall have 30 days to file comments on the ITA's remand results thereafter.
 
 
 7
 Ceramica appealed from the denial of count one of its complaint. The United States moves to dismiss on the ground that the case before the Court of International Trade is not over and that Ceramica is appealing from a nonfinal, interlocutory order.
 
 
 8
 We agree. Cases are whole entities. Part of this case has been decided by the trial court, but part of it remains to be decided. As is clear from the trial court's order, it issued a limited remand while retaining jurisdiction. Indeed, the parties are to file their comments on the recalculations with the trial court in the near future. The trial court has yet to decide the remaining count of the case. When it does so and enters a final judgment, a party adversely affected may appeal.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 The United States' motion to dismiss is granted.