34 F.3d 1078
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin A. DUNKLEBARGER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3250.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Kevin A. Dunklebarger moves for reconsideration of the court's June 27, 1994 order dismissing his appeal for failure to file a brief and for a 60-day extension of time to file a brief. Dunklebarger states that the Office of Personnel Management does not oppose the motions.
 
 
 2
 Dunklebarger's brief was due on June 13, 1994. The court dismissed Dunklebarger's petition for review on June 27, 1994 for failure to file a brief. In his July 15, 1994 motion, counsel for Dunklebarger states that he only filed a protective notice of appeal for Dunklebarger and that the "extraordinary press of economic reality and conflicting demands for Mr. Dunklebarger's funds" was the cause for the failure to file a brief. Counsel explains that Dunklebarger was previously unable to pay counsel to prosecute the appeal. Counsel for Dunklebarger does not give any other reason why the brief was not timely filed and does not give any reason why he did not timely file a motion for an extension of time.
 
 
 3
 It is incumbent upon counsel to know when a brief is due. In Julien v. Zeringue, 864 F.2d 1572, 1574 (Fed.Cir.1989), we put counsel on notice that "failure to comply with this court's rules, including the requirements for preparing and filing briefs, appendices, and other papers, may result in dismissal of an appeal for failure to prosecute." The egregious circumstances in Julien do not limit the imposition of a sanction, such as dismissal, for failure to follow the court's rules. Counsel for Dunklebarger has presented no reasons to justify waiver of the court's rules.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 Dunklebarger's motion for reconsideration is denied.