**BARREN ISLAND MARINA Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 03–5003.**

United States Court of Appeals, Federal Circuit.

June 2, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

*ORDER*

Barren Island Marina moves out of time for a 12–day extension of time, until May 6, 2003 to file its opening brief. The court considers whether Barren Island's appeal should be dismissed.

This appeal was docketed on October 8, 2002. On January 2, 2003, the court dismissed Barren Island's appeal for failure of counsel to become a member of this court's bar and for failure to file a brief. On February 20, 2003, the court reinstated Barren Island's appeal and directed it to file a brief by March 24, 2003. On April 4, 2003, Barren Island moved, nine days after the brief was due, for an extension of time to file its brief. On April 17, 2003, the court granted the untimely motion, but stated that there would be "[n]o further

extensions." The brief was due April 24, 2003.

On May 2, 2003, Barren Island filed the instant motion for an extension of time. In the motion, counsel states, "I had [not] been able to complete the brief by [April 24, 2003] although I had made some progress." Counsel also states that he had certain medical issues that arose on March 18, 2003. However, counsel fails to explain why, at the very least, Barren Island could not have sought an extension of time before the due date instead of waiting over a week after the date had passed.

When the court states "no further extensions," it means it. These words are not lightly or routinely added to orders. Because Barren Island did not file its brief or, at the minimum, a motion explaining the circumstances, within the explicit deadline set by the court in its April 17, 2003 order, the motion is denied and the appeal is dismissed. *See Julien v. Zeringue,* 864 F.2d 1572 (Fed.Cir.1989) (court may dismiss for failure to file a brief).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied.

(2) The appeal is dismissed for failure to file a brief.

(3) Each side shall bear its own costs.