**AVID IDENTIFICATION SYSTEMS, INC., Plaintiff–Appellee,**

v.

**GLOBAL ID SYSTEMS and Douglas E. Hull, Defendants–Appellants.**

**AVID Identification Systems, Inc., Plaintiff–Appellant,**

v.

**Global ID Systems and Douglas E. Hull, Defendants–Appellees.**

No. 03–1633, 04–1011.

United States Court of Appeals, Federal Circuit.

April 2, 2004.

David B. Abel, Principal Attorney, Squire, Sanders, Los Angeles, CA, for Plaintiff–Cross Appellant.

Derek L. Tabone, Principal Attorney, Law Office, Van Nuys, CA, for Defendant–Appellant.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

ON MOTION

BRYSON, Circuit Judge.

*ORDER*

Avid Identification Systems, Inc. (Avid) moves to dismiss the appeal of Global ID Systems and Douglas E. Hull (Hull), 03–1633, for failure to file a brief. Hull opposes. Avid replies.

Hull sought an extension of time to file his brief due to a delay in receiving the transcript. On December 18, 2003, we granted Hull's motion for an extension of time, until February 10, 2004, to file the brief. Hull did not and has not filed a brief or an additional motion for an extension of time. Hull states, in the opposition to Avid's motion to dismiss, that "[t]he trial transcripts were not received until January 21, 2004, only 20 days before the due date." Counsel for Hull also states that "[u]nfortunately, Hull's counsel overlooked the order [granting Hull's motion for an extension of time] and did not see it when it came in." Counsel for Hull states that "[b]ecause counsel was not aware of this court's December 18th order, he did not request an additional extension prior to February 10, 2004." Counsel for Hull argues that although he did not request an additional extension of time, he "believes good cause for an extension existed in that the reporter's transcript of the trial proceedings was not received until January 21, 2004, a circumstance outside of Hull's control, and the remaining time would be insufficient to prepare an opening brief on an appeal with both a history and several new issues." Hull requests relief pursuant to Fed.R.Civ.P. 60 and states that he "expects to complete [the brief] within 60 days."

In *Julien v. Zeringue*, 864 F.2d 1572, 1574 (Fed.Cir.1989), we gave the bar of the court notice that "failure to comply with this court's rules, including the requirements for preparing and filing briefs, appendices and other papers, may result in dismissal of an appeal for failure to prosecute." Even assuming that we might apply a standard of excusable neglect or good cause for the failure to file a brief, as Hull appears to argue, Hull has not shown that such a standard has been met here.

Accordingly,

IT IS ORDERED THAT:

(1) Avid's motion to dismiss 03–1633 is granted. Each side shall bear its own costs related to that appeal.

(2) Avid's brief in 04–1011 is due April 9, 2004. The remaining brief due dates should be calculated according to the court's rules.

(3) The revised official captions are reflected above.