NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1181
(Cancellation No. 92/032,447)

MARC MATHERS,

Appellant,

v.

YSHHEYNA HAMILLA,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

ON MOTION

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

## O R D E R

Marc Mathers moves for an extension of time to file his brief or, in the alternative, for leave to file his brief out of time. Yshheyna Hamilla opposes and moves to dismiss Mathers' appeal for failure to prosecute. Mathers opposes. Hamilla replies.

Mathers filed a notice of appeal on December 30, 2008. The certified list of the United States Patent and Trademark Office was filed on February 6, 2009 and the appeal was docketed on February 9, 2009. Mathers did not file his brief by the due date set by the court's rules. Instead, Mathers filed a motion for an extension of time on April 14, 2009.

Hamilla argues that because Mathers did not file a timely brief or a timely motion for an extension of time in compliance with Fed. Cir. R. 26(b)(1), the appeal should be dismissed for failure to prosecute. Mathers asserts that he was under the impression that he would receive a document from the United States Patent and Trademark Office indicating that the "record on appeal was complete and that the period of time allowed for preparation of the appeal brief had begun." Counsel for Mathers further states that he relied on a former secretary who "had suddenly become unreliable and who represented to the undersigned that she had made regular checks for the due date of this action when, in fact, no such checks had been made."

Fed. Cir. R. 31(a)(1)(B) provides that in an appeal from an agency decision, the appellant's brief is due within 60 days of the date of service of the certified list. Counsel is charged with knowledge of the court's rules, and counsel's failure to properly review or understand the rules does not excuse his noncompliance.

Furthermore, counsel for Mathers states in his extension motion, filed on April 14, "[l]ast week the undersigned received an email from a contract vendor which stated that the initial brief was due on April 14, 2009." Counsel does not explain why he did not promptly act on this information and file a brief or an extension motion immediately. Rule 26(b) requires that a motion for an extension of time be made at least 7 days prior to the date sought to be extended or, if it is not, that it be accompanied by an affidavit or declaration explaining the extraordinary circumstances justifying deviation from this requirement. Mathers' extension motion does not include the required affidavit or declaration and thus fails to comply with the court's rules.

Because Mathers did not timely file his brief or file a proper extension motion, the appeal is dismissed. See Julien v. Zeringue, 864 F.2d 1572 (Fed. Cir. 1989) (court may dismiss for failure to file a brief).

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to dismiss is granted.

(2)    Each side shall bear its own costs.

(3)    All pending motions are moot.

FOR THE COURT

JUN - 3 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 03 2009

JAN HORBALY
CLERK

cc:    Charles E. Lykes, Jr., Esq.
       Ferdinand M. Romano, Esq.

s17

ISSUED AS A MANDATE:    JUN - 3 2009   _____